1  GRELLAS SHAH LLP
   DHAIVAT H. SHAH, ESQ. (SBN 196382)
2  (ds@grellas.com)
   DAVID I. SIEGEL, ESQ. (SBN 264247)
3  (dsiegel@grellas.com)
   VIVI T. LEE, ESQ. (SBN 247513)
4  (vl@grellas.com)
   20400 Stevens Creek Blvd, Suite 280
5  Cupertino, CA  95014
   Telephone: (408) 255-6310
6  Facsimile: (408) 418-2536

7  Attorneys for Defendant
   GEORGE M. BETAK
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12  DONALD J. CHRISTIAN,                    Case No.: 3:24-cv-01867-TSH

13            Plaintiff,
                                            **DEFENDANT GEORGE M. BETAK'S**
14     v.                                   **NOTICE OF MOTION AND MOTION TO**
                                            **DISMISS COMPLAINT; MEMORANDUM**
15  GEORGE M. BETAK,                        **OF POINTS AND AUTHORITIES IN**
                                            **SUPPORT THEREOF**
16
            Defendant.                      Hearing Date:  June 27, 2024
17                                          Time:          10:00 a.m.
                                            Judge:         Thomas S. Hixson
18                                          Courtroom:     E - 15th Floor

19                                          Date Action Filed: March 25, 2024

20

21

22

23

24

25

26

27

28

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

# **TABLE OF CONTENTS**

Page (s)

NOTICE OF MOTION AND MOTION ........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................2

I.    STATEMENT OF ISSUES ...............................................................................2

II.   INTRODUCTION ............................................................................................3

III.  RELEVANT FACTUAL ALLEGATIONS .....................................................5

IV.   ARGUMENT ....................................................................................................6

    A.    Legal Standard .........................................................................................6

    B.    The Complaint Fails To State A Claim For Violation Of 18 U.S.C.
        § 1030(a)(5)(A) .........................................................................................7

        1.    The Court Must Dismiss The CFAA Claim With Prejudice Because
            Betak Was Authorized To Control And Did Not "Damage" GoPlug's
            Computer Systems ..........................................................................7

        2.    The First Count Should Be Dismissed With Prejudice .........................10

        3.    The Court Should Decline To Exercise Supplemental Jurisdiction
            Over The State Law Claims ...........................................................11

    C.    Christian Lacks Standing To Assert The Claims Alleged In The
        Complaint ................................................................................................11

    D.    The Second, Third, And Fourth Counts Fail To State A Claim ..................15

        1.    The Complaint Fails To State A Claim For Violation of California
            Penal Code § 502(c)(5)...................................................................15

        2.    The Complaint Fails To State A Claim For Breach Of Fiduciary Duty..17

            a.    Betak Does Not Owe A Fiduciary Duty To Christian  ..................17

            b.    Betak Did Not Breach Any Fiduciary Duty Purportedly Owed To
               Christian .........................................................................18

             c.    Betak Did Not Cause Cognizable Harm To Christian As A
               Result Of The Purported Breaches Of Fiduciary Duty ...................22

        3.    The Complaint Fails To State A Claim For An Accounting  .................22

V.    CONCLUSION ..............................................................................................23

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

# TABLE OF AUTHORITIES

## CASES

Pages (s)

*Andrews v. Sirius XM Radio Inc.*,
    932 F.3d 1253 (9th Cir. 2019)...................................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................6

*Avikian v. WTC Fin. Corp.*,
    98 Cal. App. 4th 1108 (2002).....................................................................14, 23

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................6

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) .................................................................15

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1998).......................................................................................11

*Chan v. ArcSoft, Inc.*,
    No. 19-cv-05836-JSW,
    2020 WL 13891272 (N.D. Cal. Sep. 16, 2020)....................................................12

*Chegg, Inc. v. Doe*,
    No. 22-cv-07326-CRB,
    2023 WL 4315540 (N.D. Cal. July 3, 2023)........................................................9

*Facebook, Inc. v. Holper*,
    No. 20-cv-06023-JCS,
    2022 WL 17167958 (N.D. Cal. Sep. 27, 2022).........................................................15

*Grosset v. Wenaas*,
    42 Cal. 4th 1100 (2008) ...................................................................................13

*hiQ Labs, Inc. v. LinkedIn Corp.*,
    31 F.4th 1180 (9th Cir. 2022)...........................................................................8

*Jones v. H.F. Ahmanson & Co.*,
    1 Cal. 3d 93 (1969) .........................................................................................17

*Marsili v. Pacific Gas & Elec. Co.*,
    51 Cal. App. 3d 313 (1975)..............................................................................20

*MetaPlatforms, Inc. v. BrandTotal Ltd.*,
    605 F. Supp. 3d 1218 (N.D. Cal. 2022) .................................................................15

*Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*,
    491 F. Supp. 3d 738 (S.D. Cal. 2020).................................................................10

*People v. Childs*,
    220 Cal. App. 4th 1079 (2013)...........................................................................16

*Persson v. Smart Inventions, Inc.*,
    125 Cal. App. 4th 1141 (Cal. App. 2005) ............................................................... 17

*Saffron Rewards, Inc. v. Rossie*,
    No. 22-cv-02695-DMR,
    2022 WL 2918907 ......................................................................................... 10

*Schuster v. Gardner*,
    127 Cal. App. 4th 305 (2005) .......................................................................... 12, 14

*Small v. Fritz Companies, Inc.*,
    30 Cal. 4th 167 (2003) ........................................................................................ 17

*St. James Church of Christ Holiness v. Sup. Ct.*,
    135 Cal. App. 2d 352 (1955) ............................................................................... 22

*Stanley v. Richmond*,
    35 Cal. App. 4th 1070 (1995) .............................................................................. 17

*Starr v. Baca*,
    633 F.3d 1191 (9th Cir. 2011) ............................................................................... 7

*Teselle v. McLoughlin*,
    173 Cal. App. 4th 156 (2009) ........................................................................... 14, 22

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,
    845 A.2d 1031 (Del. 2004) ............................................................................... 12, 13

*U.S. v. Nosal*,
    676 F.3d 854 (9th Cir. 2012) ................................................................................. 8

*Union Bank v. Sup. Ct.*,
    31 Cal. App. 4th 573 (1995) ............................................................................. 22, 23

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) ........................................................................................... 11

*United Rentals, Inc. v. Wilper*,
    626 F. Supp. 3d 546 (D. Conn. 2022) ..................................................................... 8

*Van Buren v. United States*,
    593 U.S. 374 (2021) .................................................................................... 2, 4, 7, 8

*Vardanyan v. Moroyan*,
    No. 5:12–cv–05645–HRL,
    2014 WL 3749655 (N.D. Cal. July 29, 2014) ......................................................... 12

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**STATUTES**

18 U.S.C.:

     § 1030(a)(5)............................................................................................8

     § 1030(a)(5)(A) ............................................................................7, 8, 9

     § 1030(c)(4)(A)(i)(I) ......................................................................9

     § 1030(e)(8).............................................................................9, 12

     § 1030(e)(11)...........................................................................9, 13

     § 1030(g)..................................................................................12

28 U.S.C.:

     § 1367(c)(3)..............................................................................11

Cal. Pen. Code:

     § 502.................................................................................3, 13, 15

     § 502(c)(5)............................................................................15, 16

     § 502(e)(1)............................................................................13, 16

**RULES**

Federal Rules of Civil Procedure

     Rule 12(b)(6)...........................................................................1, 2

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## <u>NOTICE OF MOTION AND MOTION</u>

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 24, 2024, at 10:00 a.m., or as soon thereafter as may be heard, in Courtroom E on the 15th Floor of the above-entitled Court, Defendant George M. Betak ("Betak"), will and hereby moves for an order dismissing plaintiff Donald J. Christian ("Christian")'s Civil Complaint for Damages and Injunctive Relief (the "Complaint") and each count set forth therein under Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice and without leave to amend, on the grounds that the Complaint fails to state facts sufficient to state a claim for relief.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.


Dated:  May 22, 2024                    GRELLAS SHAH LLP


                                By:   /S/ Dhaivat H. Shah
                                      Dhaivat H. Shah, Esq.
                                      Attorneys for Defendant
                                      GEORGE M. BETAK

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD., SUITE 280
CUPERTINO, CA 95014

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant George M. Betak ("Betak") respectfully requests that the Court dismiss the Civil Complaint for Damages and Injunctive Relief (the "Complaint") filed by plaintiff Donald J. Christian ("Christian") under Rule 12(b)(6) of the Federal Rules of Civil Procedure with prejudice and without leave to amend.

## I.   STATEMENT OF ISSUES

1.   The United States Supreme Court held in *Van Buren v. United States*, 593 U.S. 374 (2021), that the Computer Fraud and Abuse Act (the "CFAA") does not apply to any person authorized to access a protected computer, regardless of the person's purpose in accessing the protected computer.  The Complaint alleges that Betak, in his role as the computer systems administrator for GoPlug, Inc. ("GoPlug"), violated the CFAA by blocking Christian's access to GoPlug's computer systems.  But the Complaint also alleges that Betak "has exclusive authority to add, delete, and suspend an email account."  Should the Court dismiss the CFAA claim asserted against Betak because Betak is alleged to be the computer systems administrator for GoPlug and therefore authorized to limit access to GoPlug's email accounts and computer systems?

2.   Leave to amend a complaint should be denied where further amendment would be futile.  The Complaint unequivocally alleges that Betak was authorized to control GoPlug's computer systems, which is an incurable defect in any CFAA claim.  Should the Court grant Christian further leave to amend the CFAA count?

3.   A district court has discretion to decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction."  When the single federal claim is dismissed from the action at an early stage, the district court has "powerful reason" to decline to exercise supplemental jurisdiction.  Christian's CFAA count, the only claim over which this Court has original jurisdiction, should be dismissed without leave to amend.  Should this Court decline to exercise supplemental jurisdiction over the state law claims?

4.      A corporation must bring actions in its own name to recover for injuries the corporation allegedly suffered.  A shareholder lacks standing to bring claims for harms to the corporation.  Each count alleged in Complaint seeks redress for alleged harm to GoPlug rather than individual harms to Christian.  Should the Court dismiss each count asserted by Christian because each count belongs to GoPlug and not to Christian individually?

5.      California Penal Code section 502 (California's Comprehensive Computer Data Access and Fraud Act or "CDAFA") is the state law equivalent of the CFAA. Courts have repeatedly found that CDAFA claims rise and fall with CFAA claims.  The complaint alleges that Betak was authorized to control GoPlug's computer systems.  Should the Court dismiss Christian's CDAFA count?

6.      A claim for breach of fiduciary duty must plead the existence of a duty, breach of that duty, and damages proximately caused by the breach.  The Complaint does not sufficiently allege a fiduciary duty owed by Betak to Christian and instead simply asserts that Betak is a "co-owner, director and/or officer" of GoPlug and therefore somehow owes a fiduciary duty to Christian.  Moreover, Betak's alleged actions do not give rise to any liability for breach of fiduciary duty, and Christian suffered no proximate damages as a result of the purported breaches.  Should this Court dismiss Christian's breach of fiduciary duty count?

7.      A claim for an accounting requires, among other things, a showing that some balance is due the plaintiff that can only be ascertained by an accounting.  A shareholder has no direct right to a company's assets by virtue of his shareholder status and is therefore not entitled to an accounting.  The Complaint alleges that Christian is seeking an accounting of GoPlug's financials records and tax returns to "ascertain his interest in or the use, allocation, or distribution of assets" of GoPlug as an equity owner and does not allege any balance due to Christian as an individual.  Should the count for accounting be dismissed?

## II.    **INTRODUCTION**

The lawsuit is a transparent attempt by Christian to gain leverage in buyout discussions with Betak.  Christian has run into federal court with a haphazard Complaint that asserts meritless claims for which he clearly lacks standing.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

The Complaint asserts that Betak is liable under the CFAA for restricting Christian's access to GoPlug's computer systems, including Christian's GoPlug email account. But the Complaint alleges that Betak is GoPlug's computer systems administrator and has authority to add, delete, and suspend any email account. The Supreme Court explained in *Van Buren* that a person cannot violate the CFAA if the person has authority to take the alleged actions, regardless of motive. *See Van Buren*, 593 U.S. 374 at 386, 389-91. Because the Complaint admits Betak had the authority, the claim under the CFAA must be dismissed. Additionally, the Complaint does not and cannot plead damages or losses within the meaning of the statute because GoPlug's computer systems have not been impaired or compromised and remain fully in GoPlug's control.

The CFAA claim must be dismissed with prejudice. Given the unequivocal allegation that Betak was authorized to control GoPlug's computer systems and the lack of damage or loss under the CFAA, the defects in the CFAA claim are incurable and further leave to amend would be futile.

The CFAA claim is the only claim over which this Court has original subject matter jurisdiction. The required dismissal of the CFAA claim at this early stage warrants that this Court decline to exercise supplemental jurisdiction over the three state law counts.

All of the claims must also be dismissed for lack of standing. Each of the claims is premised on Christian's false assumption that he is personally entitled to GoPlug's assets and claims. But a corporation is a separate legal entity, and only the corporation can seek recovery from those who have allegedly harmed it. The first two counts based on the alleged restriction of Christian's access to GoPlug's computer systems (the CFAA count and the state law CDAFA count) only provide a private right of action for the owners of the computer systems, as they are the only persons who could suffer damage or losses under the terms of the statutes. The computer systems belong to GoPlug, not Christian. The other two counts (breach of fiduciary duty and an accounting) allege purported injuries to GoPlug or the whole body of its stock. Christian's purported "losses" are merely incidental to the purported harm to GoPlug. The claims therefore belong to GoPlug and not its shareholders individually.

The Complaint also clearly fails to plead sufficient factual allegations to state a claim for relief for each of the state law claims. The second count for violation of the CDAFA fails for the same reason its federal counterpart does – the Complaint alleges that Betak had permission to take the actions it accuses Betak of taking, and GoPlug's computer systems have not been impaired. If Betak acted with permission and there has been no cognizable injury, there can be no liability under the CDAFA. The third count for breach of fiduciary duty fails because the Complaint does not sufficiently allege that Betak owed a fiduciary duty to Christian, that Betak breached any fiduciary duties, or that Christian suffered harm proximately caused by any breaches of fiduciary duty. Indeed, many of the alleged breaches of fiduciary duty are nonsensical. The fourth count for an accounting fails because a balance is due to Christian that can only be ascertained by an accounting of *GoPlug's* financial records.

The Complaint should never have been filed, and certainly not by this plaintiff or in this Court. Betak respectfully requests that the Court dismiss the Complaint in its entirety with prejudice and without leave to amend.

## III.  RELEVANT FACTUAL ALLEGATIONS

The Complaint alleges that Betak and Christian co-founded GoPlug LLC in 2018. Complaint ¶ 8. Betak allegedly volunteered to be the company's computer systems administrator, which gave Betak control over all company computer services. *Id.* On December 30, 2019, GoPlug LLC was converted into GoPlug Inc., a California corporation, with Betak and Christian as shareholders and directors, and allegedly with Christian as President and Betak as Chief Financial Officer and Secretary. *Id.* ¶ 9. Christian allegedly owned 75% of the shares of GoPlug while Betak owned 25%. *Id.* ¶ 10. GoPlug designs, manufactures and sells electric vehicle chargers. *Id.* ¶ 6.

In late 2021, Betak and Christian began having disagreements regarding the company's direction. *Id.* ¶ 11. In January 2022, Betak emailed a letter of intent to purchase all of Christian's shares in GoPlug. Christian believed the offer was too low and rejected it. *Id.*

On or about April 1, 2022, Betak, who also administered GoPlug's Google Workspace accounts in his role as GoPlug's computer systems administrator, allegedly disabled

Christian's access to his GoPlug email account. *Id.* ¶ 12.  Betak had the exclusive authority to add, delete, and suspend GoPlug email accounts. *Id.*  Christian subsequently learned that Betak had restricted Christian's access to other GoPlug computer systems as well. *Id.* ¶ 13. Betak allegedly ignored Christian's emails regarding Christian's lack of access. *Id.*  Google Support declined to provide Christian access to GoPlug's "Admin Console" because the admin privileges belonged to Betak. *Id.* ¶ 14.

Between August 3, 2022, and September 14, 2022, counsel for Christian and counsel for Betak discussed the "falling out" between Christian and Betak, including a potential buyout by either Christian or Betak and Christian's suspended access to GoPlug's computer systems. *Id.* ¶¶ 16-24.  The parties never reached agreement on a buyout. *Id.* ¶ 25.

In January and February 2024, Christian allegedly sought help from the Fremont Police Department and the Alameda County Computer Crimes Department regarding his lack of access to GoPlug's computer systems.  Neither department took any action. *Id.* ¶ 27. Christian then allegedly contacted the React Task Force of Santa Clara County. *Id.* ¶ 28.  The Santa Clara County District Attorney also declined to take any action. *Id.*  Christian thereafter filed this lawsuit against Betak asserting claims for violation of the CFAA and the CDAFA, breach of fiduciary duty, and an accounting.

## IV.    ARGUMENT

### A.    Legal Standard

A district court should grant a motion to dismiss if the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  But "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.  Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

555).  In addition, the allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery."  *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).  As demonstrated below, the Complaint's allegations fail to plead facts sufficient to state any claims against Betak and conclusively preclude two of the claims as a matter of law.

### B.    The Complaint Fails To State A Claim For Violation Of 18 U.S.C. § 1030(a)(5)(A)

#### 1.    The Court Must Dismiss The CFAA Claim With Prejudice Because Betak Was Authorized To Control And Did Not "Damage" GoPlug's Computer Systems

The Complaint fails to state a claim for violation of the CFAA because the Complaint 1) admits that Betak was authorized to control GoPlug's computer systems and 2) because the Complaint fails to allege that Betak damaged GoPlug's computer systems.

The Complaint alleges that Betak violated 18 U.S.C. § 1030(a)(5)(A), which imposes criminal and civil liability for "knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] damage without authorization, to a protected computer."  Betak allegedly violated this provision by "misus[ing] his authority" as GoPlug's computer systems administrator to restrict Christian's access to GoPlug's computer systems, which allegedly caused "damage" because Christian could no longer access GoPlug's computer systems, including his GoPlug email account.  Complaint ¶¶ 49, 51.  But the Complaint admits that Betak "has exclusive authority to add, delete, and suspend an email account."  *Id*. ¶ 49.  This admission is fatal to the claim.

The Supreme Court has unequivocally held that the CFAA is a trespass statute.  The statute must be read using a "gates-up-or-down" inquiry.  If a person is authorized to access a computer, he cannot be liable under the CFAA even if he uses his authorized access for an improper purpose.  *See Van Buren*, 593 U.S. at 386, 389-91.

The term "without authorization" appears throughout the CFAA and refers to so-called

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

---

7

"outside hackers" – persons who are not authorized to access a computer system.  *See id*. at

375-76; *hiQ Labs, Inc. v. LinkedIn Corp*., 31 F.4th 1180, 1198 (9th Cir. 2022) (explaining that

"'without authorization' . . . protects computers themselves by targeting so-called outside

hackers" (citations and internal quotation marks omitted)); *United Rentals, Inc. v. Wilper*, 626

F. Supp. 3d 546, 550-51 (D. Conn. 2022) (finding that "'without authorization' under section

1030(a)(5) applies to outside hackers, meaning someone who has no rights to access the

computer in question").  The Complaint concedes that Betak is GoPlug's computer systems

administrator and had and continues to have authorization to transmit "a program, information,

code, or command" to GoPlug's computer systems to limit others' access to such computer

systems.  *See* Complaint ¶ 49.  This ends the inquiry and precludes liability under section

1030(a)(5)(A) of the CFAA.  *See United Rentals*, 626 F. Supp. 3d at 552 (dismissing CFAA

claim because there was no dispute defendant was authorized to use the company phone at

issue and thus "was not an individual accessing the phone 'without authorization' in violation

of the CFAA section 1030(a)(5)").

Because the Complaint must concede that Betak was authorized to limit access to

GoPlug's computer systems, it accuses Betak of "misuse" of his authority.  Complaint ¶ 49.

But the plain language of the statute and Supreme Court and Ninth Circuit precedent are clear

that CFAA liability turns solely on whether or not the defendant had authorization to access to

the systems at all, not whether such authority was allegedly "misused."  *See* 18 U.S.C.

§ 1030(a)(5)(A) (imposing liability only if action is taken "without authorization"); *Van

Buren*, 593 U.S. at 396 (finding that police officer could not be liable under CFAA for

retrieving license plate information even though his purpose for doing so was improper

because it was undisputed the officer had authority to retrieve the information); *hiQ*, 31 F.4th

at 1200-1201 (noting the CFAA's "without authorization" provision must be narrowly

interpreted "so as not to turn a criminal hacking statute into a 'sweeping Internet-policing

mandate'") (citing *U.S. v. Nosal*, 676 F.3d 854, 858 (9th Cir. 2012)).  Because Betak, in his

role as the computer systems administrator for GoPlug, had authority to limit access to

GoPlug's computer systems, the Court must dismiss the CFAA claim.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1    The Court should also dismiss the CFAA claim because the Complaint does not and

2    cannot allege damage to GoPlug's systems.  The statute defines "damage" as "any impairment

3    to the integrity or availability of data, a program, a system, or information."  18 U.S.C.

4    § 1030(e)(8).  The Complaint alleges Betak caused "damage" because *Christian* can no longer

5    access GoPlug's computer systems, but it does not – because it cannot – allege that there has

6    been any impairment to GoPlug's computer systems themselves.  *See* Complaint ¶ 51.

7    GoPlug, through its computer systems administrator, is alleged to remain in full control of its

8    computer systems.  *See, e.g.*, *id*. ¶¶ 53-57 (acknowledging that Betak is GoPlug's computer

9    systems administrator and retains control over and access to GoPlug's computer systems).

10    The CFAA was not intended to be weaponized by an employee upset about his loss of access

11    to his company's computer systems.  Because GoPlug's data is not alleged to be compromised

12    or unavailable to *GoPlug*, the CFAA claim must also be dismissed for failing to plead damage.

13    *See, e.g.*, *Chegg, Inc. v. Doe*, No. 22-cv-07326-CRB, 2023 WL 4315540, at *3 n.5 (N.D. Cal.

14    July 3, 2023) (finding that the plaintiff company had failed to demonstrate a likelihood of

15    success on the merits of its claim under 18 U.S.C. § 1030(a)(5)(A) because it "ha[d] not

16    alleged or demonstrated that the data [] remains is in any way compromised or unavailable for

17    [the company's] own use" and therefore failed to meet the provision's damage requirement).

18    The Complaint also fails to meet the CFAA's aggregate loss requirement to maintain a

19    civil action.  *See* 18 U.S.C. § 1030(c)(4)(A)(i)(I) (requiring an aggregate loss of at least $5000

20    in value).  The statute defines "loss" to mean "any reasonable cost to any victim, including the

21    cost of responding to an offense, conducting a damage assessment, and restoring the data,

22    program, system, or information to its condition prior to the offense, and any revenue lost, cost

23    incurred, or other consequential damages incurred because of interruption of service."  *Id.*

24    § 1030(e)(11).  As the Ninth Circuit has explained, however, this is intended to be a "narrow

25    conception" of loss and should not be construed expansively.  *See Andrews v. Sirius XM Radio*

26    *Inc.*, 932 F.3d 1253, 1262-63 (9th Cir. 2019).  Though the Complaint asserts that Christian

27    incurred costs to "restor[e] the data, program, system, or information of GoPlug to its

28    condition prior to the offense" (Complaint ¶ 66), the costs actually alleged in the Complaint

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

9

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1  are those that Christian purportedly incurred in trying to restore *his own access* to GoPlug's

2  systems. *See* Complaint ¶¶ 62-65.  GoPlug has incurred no costs because, as discussed above,

3  *there has been no impairment or damage to GoPlug's systems*.  The Complaint therefore fails

4  to meet the statutory loss requirement.  *See, e.g.*, *Saffron Rewards, Inc. v. Rossie*, No. 22-cv-

5  02695-DMR, 2022 WL 2918907, at * (N.D. Cal. July 25, 2022) (noting the limited parameters

6  of "loss" under the CFAA, and dismissing complaint because plaintiff company failed to

7  "articulate any technological harm or interruption to [the company's] computer-related

8  services, nor that [the company] conducted any damages assessments or data restorations in

9  response to" the defendant's actions).  Whatever costs Christian purportedly incurred to restore

10  his own access to GoPlug's computer systems are not cognizable losses under the CFAA.

11  Christian is not a "victim" within the meaning of the statute because the computer systems at

12  issue belong to GoPlug, not Christian individually.  The Court must therefore also dismiss the

13  Complaint for failure to plead sufficient damages.

14      Accordingly, the First Count under the CFAA should be dismissed for failure to state a

15  claim.

16      ## 2.    The First Count Should Be Dismissed With Prejudice

17      The defects in the First Count are incurable.  The Complaint unequivocally alleges that

18  Betak was the GoPlug computer systems administrator with authorization to access and to

19  control access to those systems.  That is fatal to any CFAA claim.  Further, the total of the

20  Complaint describes Betak's alleged role in GoPlug over a period of years as both an alleged

21  officer and as an employee with direct access to and control of its systems.  Christian cannot

22  plausibly now allege that Betak lacked authorization.  Leave to amend should be denied where,

23  as here, further amendment would be futile.  *See, e.g.*, *Pappy's Barber Shops, Inc. v. Farmers

24  Group, Inc.*, 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020) (explaining that a district court need

25  not grant leave to amend where amendment would be futile, i.e. where the amended complaint

26  would be subject to dismissal, and denying leave to amend on such grounds).

27

28

1

### 3.    The Court Should Decline To Exercise Supplemental Jurisdiction Over The State Law Claims

2

3    The Second, Third and Fourth Counts are state law claims over which the Complaint

4    requests the Court to exercise supplemental jurisdiction.  Complaint ¶ 4.  But because the

5    CFAA claim is fatally defective and must be dismissed with prejudice, the Court should

6    decline to exercise supplemental jurisdiction over the state law claims.  *See* 28 U.S.C.

7    § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction if it "has

8    dismissed all claims over which it has original jurisdiction").  The decision whether to exercise

9    supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness

10    to litigants."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  When the

11    single federal claim is dismissed from the action at an early stage, the district court has

12    "powerful reason" to decline to exercise supplemental jurisdiction.  *See Carnegie-Mellon*

13    *Univ. v. Cohill*, 484 U.S. 343, 351 (1998); *see also Gibbs*, 383 U.S. at 726 ("Certainly, if the

14    federal claims are dismissed before trial, even though not insubstantial in a jurisdictional

15    sense, the state claims should be dismissed as well.").

16    Christian filed the Complaint in federal court based on a single federal claim that

17    Supreme Court precedent unequivocally requires be dismissed with prejudice.  As the sole

18    computer systems administrator for GoPlug who the Complaint admits "has exclusive

19    authority to add, delete, and suspend an email account," Betak by definition cannot violate the

20    CFAA by suspending Christian's GoPlug email account.  *See supra* § IV.B.1.  Judicial

21    economy, convenience and fairness require that this Court decline to exercise supplemental

22    jurisdiction over the remaining causes of action.  This action is at an early stage, with this

23    Motion to Dismiss being the only substantive proceeding in this action.  A litigant should not

24    be allowed to sneak into federal court by filing a doomed federal claim.

25    ### C.    Christian Lacks Standing To Assert The Claims Alleged In The Complaint

26    If the Court retains jurisdiction over the state law claims, all of the claims, including

27    the CFAA claim, must still be dismissed because the claims belong to GoPlug, not Christian.

28    A claim can either be direct (belonging to a shareholder individually) or derivative

Grellas Shah LLP
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014

11

(belonging to a corporation).  Direct and derivative claims are mutually exclusive.  *See Chan v. ArcSoft, Inc.*, No. 19-cv-05836-JSW, 2020 WL 13891272, at *11 (N.D. Cal. Sep. 16, 2020).  The characterization of a claim as direct or derivative is governed by the state of incorporation.  *See Vardanyan v. Moroyan*, No. 5:12–cv–05645–HRL, 2014 WL 3749655, at *2 (N.D. Cal. July 29, 2014).  GoPlug is a California corporation (*see* Complaint ¶ 6), but because California and Delaware corporate law are functionally identical on this issue, courts may also rely on Delaware law.  *See Vardanyan*, 2014 WL 3749655 at *2.

A claim belongs to the corporation and not its shareholders "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets."  *Schuster v. Gardner*, 127 Cal. App. 4th 305, 313 (2005) (citation and internal quotation marks omitted); *see also Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004) (identifying two questions to determine whether a claim is direct or derivative: "Who suffered the alleged harm – the corporation or the suing stockholder individually – and who would receive the benefit of the recovery or other remedy?").  To state a direct claim, the alleged injury "'must be *independent* of any alleged injury to the corporation.'"  *Vardanyan*, 2014 WL 3749655 at *2 (citation omitted).  The plaintiff only satisfies his burden of establishing a direct claim "if he can show that 'he or she has suffered an injury that is not dependent on an injury to the corporation.'"  *Id*. (citation omitted).  The Court must dismiss the Complaint in its entirety because each claim alleged in the Complaint belongs to GoPlug, not its shareholders or officers individually.

The Complaint's First Count does not allege a direct claim by Christian.  A civil action can only be maintained by a "person who suffers damage or loss by reason of a violation of [the CFAA]."  18 U.S.C. § 1030(g).  Christian has not suffered damage or loss as defined by the statute.  As discussed above, the Complaint cannot allege any damage as defined by the statute – "impairment to the integrity or availability of data, a program, a system, or information" (18 U.S.C. § 1030(e)(8)) – because there has been no impairment to GoPlug's computer systems.  Christian is alleged to have lost access to GoPlug's computer systems, but

12

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1   the Complaint acknowledges that GoPlug, through its computer systems administrator, retains

2   control and access over its own computer systems.  *See, e.g.*, Complaint ¶¶ 53-57.  And

3   because there has been no damage, there can be no losses as defined by the statute (i.e. costs

4   incurred to respond to the damage).  The purported costs Christian incurred were in trying to

5   restore *his own access* to GoPlug's systems.  *See id* ¶¶ 62-65.  These are not cognizable losses

6   under the CFAA.  *See* 18 U.S.C. § 1030(e)(11).

7         And if GoPlug had allegedly suffered damages or losses as defined by the CFAA

8   (which it has not), the only party who could seek redress for such injury would be GoPlug as

9   the owner of the computer systems and email accounts.  *See, e.g.*, *Grosset v. Wenaas*, 42 Cal.

10  4th 1100, 1108 (2008) (explaining that "[b]ecause a corporation exists as a separate legal

11  entity, the shareholders have no direct cause of action or right of recovery against those who

12  have harmed it").  That Christian purportedly spent money trying to obtain access for himself

13  to GoPlug's systems does not change the nature of the claim.  Christian's purported "loss" is

14  dependent on the purported injury to the corporation – the supposed loss of access to GoPlug's

15  computer system – and therefore cannot support a direct claim.  *See Tooley*, 845 A.2d at 1036.

16        The Second Count for violation of California Penal Code section 502 – the state law

17  counterpart to the federal CFAA – fails for the same reasons.  A civil action for violation of

18  section 502 may only be brought by the "*owner or lessee* of the computer, computer system,

19  computer network, computer program, or data."  Cal. Pen. Code § 502(e)(1) (emphasis added).

20  The "owner or lessee" of the computer system at issue is GoPlug, not Christian.

21        The Third Count for breach of fiduciary duty is similarly defective.  The Complaint

22  alleges that Betak breached his fiduciary duty by (1) restricting Christian's access to GoPlug's

23  computer systems; (2) failing to file GoPlug's tax returns; (3) threatening to lay off employees

24  and shut down GoPlug; (4) directing the law firm Hopkins & Carley to provide legal services

25  that were billed to GoPlug; (5) failing to maintain the GoPlug website for online advertising

26  and sales; (6) failing to obtain or provide a copy of source code GoPlug had paid $160,000 to

27  have written; and (7) failing to attend board meetings.  *See* Complaint ¶¶ 96-100, 103-104.  To

28  the extent any of these alleged actions are actionable (which, as discussed below, they are not),

13

1    the injury is to the corporation, GoPlug, or the whole body of its stock.  The Complaint admits

2    this.  *See id*. ¶¶ 98, 101, 106 (alleging Betak's alleged breaches of fiduciary duty "harmed

3    GoPlug," caused GoPlug "serious loss of sales," and "devalue[d] GoPlug").

4          The Complaint tries to manufacture a direct claim by asserting that the purported losses

5    to GoPlug affected Christian's ownership interest in GoPlug.  *See id*. ¶ 102.  But Christian still

6    lacks standing to assert a direct claim because "[a]n individual cause of action exists only if

7    damages to the shareholders were not *incidental* to damages to the corporation."  *Schuster*, 127

8    Cal. App. 4th at 313; *see also Avikian v. WTC Fin. Corp.*, 98 Cal. App. 4th 1108, 1116 (2002)

9    (finding claims based on defendants' alleged improper selling and purchasing of assets and

10   pursuit of self-serving arrangements that caused the corporation's demise to belong to the

11   corporation and not to the shareholders directly, as the shareholders' damages – loss in value

12   of their investments in the corporation – "were merely incidental to the alleged harm inflicted

13   upon [the corporation] and all its shareholders").  Christian's attempt to state an individual

14   claim for these alleged corporate harms fails.

15         Lastly, the Fourth Count for an accounting is a claim that also belongs to GoPlug and

16   not Christian.  Christian seeks an accounting of "GoPlug financial records and tax returns" to

17   "ascertain his interest in or the use, allocation, or distribution of assets" of GoPlug.  Complaint

18   ¶¶ 111, 112.  But the determination of the value of GoPlug's assets and any losses thereto

19   belongs to GoPlug, not Christian.  *See Avikian*, 98 Cal. App. 4th at 1116 (noting that the loss

20   in value of a shareholder's investments in a corporation is incidental to harm to the corporation

21   and affects all of the shareholders and thereby cannot support a direct claim); *Teselle v.*

22   *McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (holding that a claim for an accounting

23   requires, among other things, "a showing that . . . some balance is due the *plaintiff* that can

24   only be ascertained by an accounting" (emphasis added)).

25         The Court must dismiss the Complaint and each count asserted therein with prejudice

26   for lack of standing by the plaintiff.

27

28

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**D.    The Second, Third and Fourth Counts Fail To State A Claim**

    **1.    The Complaint Fails To State A Claim For Violation of California Penal Code § 502(c)(5)**

The Second Count for alleged violation of Penal Code section 502 (the CDAFA) fails to state a claim because Betak was allegedly authorized to access GoPlug's computer systems. California's CDAFA is the state law counterpart to the federal CFAA. "Courts have held that CDAFA claims generally 'rise or fall with ... CFAA claims because the necessary elements of Section 502 do not differ materially from the necessary elements of the CFAA, except in terms of damages.'" *MetaPlatforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1260 (N.D. Cal. 2022) (quoting *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 129 (N.D. Cal. 2020)); *see also Facebook, Inc. v. Holper*, No. 20-cv-06023-JCS, 2022 WL 17167958, at *9 (N.D. Cal. Sep. 27, 2022) (analyzing CFAA and CDAFA claims together because "the necessary elements of Section 502 do not differ materially from the necessary elements of the CFAA" (citation and internal quotation marks omitted)).

The Complaint alleges Betak violated section 502(c)(5), which prohibits "[k]nowingly and without permission disrupt[ing] or caus[ing] the disruption of computer services or den[ying] or caus[ing] the denial of computer services to an authorized user of a computer, computer system, or computer network." Cal. Pen. Code § 502(c)(5). As with the CFAA claim, the Complaint bases the CDAFA claim on Betak's alleged restriction of Christian's access to GoPlug's computer systems. *See* Complaint ¶ 73. But as the Complaint admits in the CFAA claim, it also admits in the CDAFA claim that Betak "has exclusive authority to add, delete, and suspend an email account" in his role as GoPlug's computer systems administrator. *Id.* And just as this admission is fatal to the CFAA claim, it is also fatal to the CDAFA claim.

Section 502(c)(5) premises liability on acting "without permission." Because the Complaint admits that Betak had permission and continues to have permission to restrict access to GoPlug's computer systems, he cannot be liable under that section for restricting access to GoPlug's computer systems. It is undisputed that Betak is GoPlug's computer

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1   systems administrator.  GoPlug's computer systems have not been "disrupted" within the

2   meaning of the statute because GoPlug, through its computer systems administrator, continues

3   to have complete control of and access to the systems.

4       The Complaint cannot avoid these fatal defects by claiming Christian is an "authorized

5   user" of GoPlug's computer systems and can thereby impose liability on GoPlug's computer

6   systems administrator for restricting his access.  *See* Complaint ¶ 80.  Permitting this

7   expansive interpretation of a criminal statute would expose companies to boundless liability to

8   employees wanting continued unfettered access.  This is not what the legislature intended.  In

9   fact, it is what the legislature expressly precluded by limiting the private right of action to the

10  "owner or lessee of the computer, computer system, computer network, computer program, or

11  data."  Cal. Pen. Code § 502(e)(1).

12      The Complaint's reliance on *People v. Childs*, 220 Cal. App. 4th 1079 (2013), is

13  inapposite.  Childs was the City and County of San Francisco's principal engineer for its

14  FiberWAN network.  Childs made numerous changes to the FiberWAN network that gave him

15  complete control of the entire network and refused to share the FiberWAN passwords and

16  backup configurations with the managers of the Department of Telecommunications and

17  Information Services (Childs's department) when the department reassigned him from his role.

18  *See id*. at 1082, 1085-86, 1091.  San Francisco government departments were effectively

19  locked out of San Francisco's FiberWAN network until Childs shared the passwords.  *Id*. at

20  1093.  The San Francisco District Attorney's Office criminally prosecuted Childs for violating

21  section 502(c)(5) by denying the City and County of San Francisco access to its own computer

22  network.  *See id*. at 1100-1102.  In this action, however, the owner of the computer systems at

23  issue – GoPlug – continues to have full access to its computer systems, and Betak remains the

24  computer systems administrator.  The only person whose access has allegedly been restricted

25  is Christian.  Childs clearly violated section 502(c)(5) by acting beyond his authority, as he

26  was not authorized to deny the entire City and County of San Francisco access to its own

27  computer network.  *See Childs*, 220 Cal. App. 4th at 1104.  Betak, by contrast, is specifically

28  alleged to have had and continue to have authority "to add, delete, and suspend an email

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD., SUITE 280
CUPERTINO, CA 95014

16

account" – the conduct for which Christian seeks to hold Betak liable.  *See* Complaint ¶ 73.

The Court must dismiss the Second Count with prejudice and without leave to amend.

### 2.    The Complaint Fails To State A Claim For Breach Of Fiduciary Duty

To state a claim for breach of fiduciary duty, a complaint must allege "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach."  *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995).  The Complaint does not sufficiently plead any of these elements.

### a.    Betak Does Not Owe A Fiduciary Duty To Christian

The claim fails at the outset because the Complaint does not sufficiently plead that Betak owes a fiduciary duty to Christian.  The Complaint simply states that "[a]s a co-owner, director and/or officer, Defendant Betak owes to Mr. Christian a fiduciary duty" and "Mr. Betak has a fiduciary duty in one or more of his roles to Mr. Christian."  Complaint ¶¶ 93-94.  But merely stating an element of a claim and a legal conclusion does not constitute a well-pled factual allegation.  *See Iqbal*, 556 U.S. at 663 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Betak's status as a "co-owner," i.e. a shareholder, does not give rise to a fiduciary duty to Christian because the Complaint alleges that Christian is the majority shareholder while Betak is a minority shareholder.  *See* Complaint ¶ 10; *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 179 (2003) (noting that the *majority* shareholder owes a fiduciary duty to the minority shareholder); *Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 110 (1969) (noting same).  GoPlug is not a partnership, so the Complaint's reference to duties owed by partners to each other (*see* Complaint ¶ 94) is irrelevant.  *See Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1157 (Cal. App. 2005) (noting that the conversion to a corporation duly formed and operated under California law terminates any rights or obligations which partners as such can enforce against each other, including for breach of fiduciary duty, with the parties thereafter "hav[ing] only the rights, duties and obligations of shareholders").  And while a corporate officer or director may owe a fiduciary duty to shareholders generally, Betak does not owe Christian a

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

17

fiduciary duty in the capacity in which Christian has filed this lawsuit. It is somewhat unclear in which capacity Christian has filed this lawsuit, but based on the caption page, his intent appears to be individually in his role as an officer and a shareholder of GoPlug. But officers do not owe a fiduciary duty to each other. And as discussed above, Christian lacks standing to assert a direct claim as a shareholder for breach of fiduciary duty because the alleged harms were inflicted on the company and all of its shareholders. Only the company can assert such claims. *See supra* § IV.C. Because the Complaint does not sufficiently plead the existence of a fiduciary duty owed by Betak to Christian, the Third Count for breach of fiduciary duty must be dismissed.

### b.      Betak Did Not Breach Any Fiduciary Duties Purportedly Owed To Christian

Even if the Complaint sufficiently alleged the existence of a duty (which it does not), the claim should still be dismissed because the Complaint does not allege sufficient facts showing a breach of fiduciary duty. The Complaint alleges that Betak breached his fiduciary duty by (1) restricting Christian's access to GoPlug's computer systems; (2) mishandling GoPlug's tax returns; (3) threatening to lay off employees and shut down GoPlug; (4) directing the law firm Hopkins & Carley to provide legal services that were billed to GoPlug; (5) failing to maintain the GoPlug website for online advertising and sales; (6) failing to obtain or provide a copy of source code GoPlug paid $160,000 to have written; and (7) failing to attend board meetings. *See* Complaint ¶¶ 96-100, 103-104. These alleged acts do not give rise to any liability.

Restricting Christian's Access to GoPlug's Computer Systems

The Complaint does not allege facts showing that Christian is entitled to unfettered access to GoPlug's computer systems and that Betak somehow had a fiduciary duty to Christian to ensure such access. As discussed above, Betak's alleged restriction of Christian's access to GoPlug's computer systems did not cause any injury or loss to GoPlug and does not give rise to liability under the CFAA or CDAFA. The computer systems, including the email accounts, belong to GoPlug, not Christian individually, and Betak had authority to limit

Grellas Shah LLP
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014

access.  *See supra* §§ IV.B.1, IV.D.1.  Because Betak acted within the scope of his authority, he cannot be liable for breach of fiduciary duty.

### GoPlug's Tax Returns

The tax allegations do not state a plausible claim for relief.  The Complaint alleges that Christian abdicated all responsibility for GoPlug's tax returns to Betak despite knowing that the IRS had rejected the 2020 return and that Betak had fired the tax preparer without first resolving the issue.  Complaint ¶ 31.  Christian apparently did nothing to ensure GoPlug complied with any tax filing obligations other than apparently asking Betak one time for a copy of the 2020 tax returns and the IRS correspondence.  *See id*.  Christian allegedly received no response and still did nothing until January 31, 2024, when he supposedly called the IRS to ask about the tax returns.  *See id*. ¶¶ 31, 97.  These allegations make no sense.  If these allegations are true, then it appears that Christian did not believe the tax returns were consequential or worth caring about and is only now claiming harm to try to manufacture claims against Betak.  If Christian believed a failure to file tax returns was significant and harmful, then these allegations show that *Christian* violated his duty of care to GoPlug by failing to ensure it met its tax filing obligations.  These allegations are not sufficient to plausibly state a claim against Betak for breach of fiduciary duty.

### GoPlug's Layoffs

The Complaint does not allege facts sufficient to state a claim based on Betak's alleged "threat" to and then subsequent layoff of all GoPlug employees.  The Complaint alleges that on March 21, 2023, Betak wrote to Christian:  "Unless we can make some progress regarding a short-term or long-term agreement soon, I will start shutting down parts of the operations of the company.  More specifically, I will terminate all employees and end the relationship with Justworks, GoPlug's payroll provider."  Complaint ¶¶ 32, 98.  Betak allegedly breached his fiduciary duty to Christian by ignoring Christian's instructions to "not damage the company with layoffs" and conducting the layoff in April 2023.  *Id*.  That Betak conducted layoffs is not wrongful and does not in itself give rise to a breach of fiduciary duty claim.  "The law is clear that those to whom the management of the corporation has been entrusted are primarily

responsible for judging whether a particular act or transaction is one which is helpful to the conduct of corporate affairs or expedient for the attainment of corporate purposes." *Marsili v. Pacific Gas & Elec. Co*., 51 Cal. App. 3d 313, 324 (1975). Neither the Court nor the company's shareholders should substitute their judgment for that of those running the company. *See id*. Layoffs are a business decision often necessitated by financial constraints. The Complaint alleges that Christian has had no insight into GoPlug's financial condition since April 1, 2022. *See id*. ¶ 67. Because the Complaint does not allege facts showing the layoffs were wrongful, they cannot support a claim for breach of fiduciary duty.

<u>Continued Use of GoPlug's Law Firm</u>

Betak's continued use of Hopkins & Carley as GoPlug's legal counsel does not support a claim for breach of fiduciary duty. The Complaint alleges that Christian instructed Hopkins & Carley on July 19, 2023, to cease working for GoPlug due to "their conflict." Complaint ¶ 99. Betak allegedly breached his fiduciary duty to Christian by instructing Hopkins & Carley to continue its work for GoPlug. *Id*. It is unclear what "conflict" the Complaint is referring to. That Christian simply did not want GoPlug to continue using its established law firm does not support a claim for any liability on Betak's part. Betak, as the person managing the company, is entitled to deference in how he conducted the company's affairs, including his choice of legal counsel. *See Marsili*, 51 Cal. App. 3d at 324.

<u>GoPlug's Website</u>

The Complaint does not allege sufficient facts to state a claim based on Betak's alleged failure to renew the security certificate for GoPlug's website. The website appears to have been inconsequential, as Christian did not even appear to know about the issue for months, and the Complaint does not allege that Christian took any actions to try to renew the certificate. *See* Complaint ¶ 37 (alleging only that Christian does not have access to administer the website). The Complaint alleges the failure to renew the security certificate caused a "serious loss of sales" but does not allege factual allegations to support this assertion. *Id*. ¶ 101. Exhibit 1 to the Complaint suggests that before GoPlug ceased operations, its product was available to purchase on Amazon.com. *See id*., Ex. 1. The Complaint's chart of estimated

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

losses simply assumes a 57% yearly increase in sales and does not account for any factors that would affect growth, including saturation of the market, reduced demand, increased competition or increased labor and materials costs. *See id.* ¶ 101.

The Complaint alleges that *one* potential customer reached out about the security certificate. This allegedly occurred in May 2023, after GoPlug conducted the layoffs and had ceased operations. *See id.* ¶ 35. Moreover, the Complaint alleges that the security certificate expired in October 2022, just 5 months before Betak determined layoffs and a shut down of the company were necessary. *See id*. ¶¶ 32, 36. This suggests that GoPlug was already facing financial pressures by October 2022, at which time Christian admits he had no insight into GoPlug's financial condition for more than 6 months.

The baselessness of this claim is further evidenced by the Complaint's odd allegations regarding supposed "GoPlug customer" Cary Scofield, who was supposedly disrupted in his "shopping" by the security certificate warning and even tried to navigate around the warning to continue his "shopping" by switching browsers. *See id*. ¶¶ 33-34. The Complaint does not state how Christian became aware of Mr. Scofield's supposed problems. A LinkedIn profile for a "Cary Scofield" indicates he was a classmate of Christian's in the same degree program at Ohio State University. *See* https://www.linkedin.com/in/caryscofield (last visited May 18, 2024); Complaint ¶ 64.

GoPlug's Source Code

Betak's alleged refusal to provide *Christian* with a copy of GoPlug's source code (Complaint ¶¶ 38, 103) does not support a claim for breach of fiduciary duty. Christian has no right to GoPlug's source code. There is no indication that Betak failed to retain a copy of the source code for GoPlug.

GoPlug's "Board Meetings"

The Complaint alleges that Betak breached his fiduciary duties to Christian by failing to attend two board meetings specially called by Christian in February 2024. Complaint ¶¶ 39-47, 104-105. But the Complaint also alleges that Betak disputed the propriety of the meetings, including Christian's authority to call the meetings, the notice Christian provided, and whether

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

21

Christian's *personal* attorney was authorized to attend. *Id.* ¶¶ 44, 46, 105. The Complaint does not contain any factual allegations supporting its assertion that the meetings were properly called. *See id.* ¶ 104. And Christian's insistence that his personal attorney attend the meetings and suggestion that Betak invite his own personal attorney suggests the "board meetings" were just a ruse to coerce Betak to resolve the personal disputes between Christian and Betak and set up a claim for this lawsuit. Betak's refusal to attend the so-called "board meetings" does not support a claim for breach of fiduciary duty.

### c.    Betak Did Not Cause Cognizable Harm To Christian As A Result Of The Purported Breaches Of Fiduciary Duty

The claim must also be dismissed for failure to allege damage proximately caused by the purported breach. Even if Betak's alleged actions could support a claim for breach of fiduciary duty, Christian suffered no cognizable harm as a result of the actions. The Complaint repeatedly admits that the purported harm from the alleged breaches of fiduciary duty were suffered by GoPlug. *See, e.g.*, Complaint ¶¶ 98, 101, 106 (alleging Betak's alleged actions "harmed GoPlug," caused GoPlug "serious loss of sales" and "devalue[d] GoPlug"). As discussed above, any harm Christian may have suffered is incidental to harm to GoPlug and is thus not recoverable by Christian directly. *See supra* § IV.C. The Court should therefore dismiss the Third Count with prejudice and without leave to amend.

### 3.    The Complaint Fails To State A Claim For An Accounting

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle*, 173 Cal. App. 4th at 179. "A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law." *St. James Church of Christ Holiness v. Sup. Ct.*, 135 Cal. App. 2d 352, 359 (1955). An accounting is also unwarranted if the defendant has not engaged in any misconduct. *Union Bank v. Sup. Ct.*, 31 Cal. App. 4th 573, 593-94 (1995).

The Fourth Count fails because the Complaint does not and cannot plausibly allege that

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

22

a balance is due to Christian.  The Complaint alleges that Christian seeks an accounting of "GoPlug financial records and tax returns" to "ascertain his interest in or the use, allocation, or distribution of assets" of GoPlug.  Complaint ¶¶ 111, 112.  But Christian has no direct right to GoPlug's assets by virtue of his alleged shareholder status and is therefore not entitled to an accounting. *See, e.g.*, *Avikian*, 98 Cal. App. 4th at 1116 (holding that a shareholder's loss in value of his investments in a corporation following the demise of the corporation "were merely incidental to the alleged harm inflicted upon [the corporation] and all its shareholders" and could not support a direct claim for relief by the shareholder).

Additionally, as discussed above, the Complaint fails to state sufficient facts to support any claims against Betak.  Because the Complaint does not sufficiently allege misconduct by Betak, the accounting claim fails as a matter of law.  *See Union Bank*, 31 Cal. App. 4th at 594.

The Court should therefore dismiss the Fourth Count with prejudice and without leave to amend.

## V.    <u>CONCLUSION</u>

Based on the foregoing, Betak respectfully requests that the Court dismiss the Complaint in its entirety with prejudice and without leave to amend.

Dated: May 22, 2024                    GRELLAS SHAH LLP


                                       By: */s/ Dhaivat H. Shah*
                                       Dhaivat H. Shah, Esq.
                                       Attorneys for Defendant
                                       GEORGE M. BETAK

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014