United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. CHRISTIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE M. BETAK,<br><br>    Defendant. | Case No. 24-cv-01867-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART: MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

## I.    INTRODUCTION

Pending before the Court is Defendant George M. Betak's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 26. Plaintiff Donald J. Christian filed an Opposition (ECF No. 27) and Defendant filed a Reply (ECF No. 28). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.[1]

## II.    BACKGROUND

This action concerns a dispute between two alleged co-owners of GoPlug Inc., a California corporation that designs, manufactures and sells electric vehicle chargers. Compl. ¶ 6, ECF No. 2. Plaintiff Donald J. Christian is the alleged president of GoPlug, while Defendant George Betak is its alleged chief financial officer and secretary. Compl. ¶¶ 6, 9. Mr. Christian alleges that he is head of engineering and manufacturing, while Mr. Betak serves as the GoPlug computer system administrator. Compl. ¶ 6. Mr. Christian alleges that he and Mr. Betak formed GoPlug LLC as co-owners in 2018. Compl. ¶ 8. On December 30, 2019, GoPlug LLC was incorporated as a California corporation and converted to GoPlug, Inc. ("GoPlug"). Compl. ¶¶ 9–10. Mr. Christian

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 21.

alleges that Mr. Betak volunteered to be the computer system administrator in 2018, which gave Mr. Betak control over all GoPlug computer services, including exclusive control over Mr. Christian's GoPlug email account. Compl. ¶ 8.

In March 2020, Mr. Christian and Mr. Betak elected themselves the directors of GoPlug and appointed Mr. Christian as president of the company and Mr. Betak as Chief Financial Officer ("CFO") and Secretary of the company. Compl. ¶ 9. Mr. Betak was also the Google Workspace administrator. Compl. ¶¶ 12, 13. Mr. Christian alleges that at on the date of incorporation, Mr. Christian owned 75% and Mr. Betak owned the other 25% of GoPlug. Compl. ¶ 10.

In late 2021, Mr. Christian and Mr. Betak fell into disagreements regarding GoPlug business decisions. Compl. ¶ 11. In January 2022, Mr. Betak emailed Mr. Christian a letter of intent to purchase Mr. Christian's ownership in GoPlug. *Id.* Mr. Christian believed Mr. Betak's offer was unacceptably low and proposed an independent valuation of the company. *Id.* Mr. Betak never replied to Mr. Christian. *Id.* On or about April 1, 2022, Mr. Christian attempted to log on to his GoPlug Gmail account and found that it had been disabled by the Google Workspace administrator. Compl. ¶12. In the days that followed, Mr. Christian discovered that he had lost access to numerous other online accounts. Compl. ¶¶ 13, 53, 70 & Ex. 3 to Compl. In addition to Mr. Christian's GoPlug Gmail account, Mr. Christian contends Mr. Betak disabled his access to the following online company accounts: the Google G-Suite, which includes *inter alia* Google Sheets, Google Docs, Google Calendar and Google Drive; Google Voice, which GoPlug used as a telephone and voicemail service for "customer response[;]" GoPlug's Shopify.com account, including "[s]ales account, online customer order records, state/country sales tax collected[,] and [a]ccount management records[;]" GoPlug's FreshDesk.com account, including "customer help desk web response contact tracking logs / complaints[,] [c]ustomer list / logs and contacts history[,] [s]ales, service, & support field inquiries, [and] marketing; HR accounts on JustWorks.com; employee compliance records; tax accounts including the Internal Revenue Service, California Franchise Tax Board and City of Fremont tax accounts; foreign sales tax accounts for products sold outside the United States; accounting and bookkeeping records; the www.GoPlug.com web domain and registration and GetGoPlug.com sales web domain; shipping

2

accounts for the United States Post Office, UPS and DHL; Amazon.com seller account; Facebook Advertising, Facebook Analytics, Google Ads, and WeChat accounts; GoPlug's LinkedIn account; customer lists; NW Registered Agent corporate account records; JLCPCB.com electronic board designs account; Embedded Software product source files and development tools; Apple iOS and Google PLAY Store software developer accounts; Grafana product performance account; Thingsboard product performance account & records; MQTT software account & records; GoPlug Field firmware distribution site, management/control files, accounts & records; 10 to 15 component supplier accounts; GoPlug Sales records, accounts and bookkeeping summaries; Sales tax accounting files; legal records; US Patent and Trademark Office accounts; GoPlug Product warranty registration records; QuickBooks accounting, customer orders /payments and sales tax records; insurance accounts; UPC Bar Code Identification GS1 US product ID registration. Compl. ¶ 13 Ex. 3.

     In March 2023, Mr. Betak informed Mr. Christian that he would "start shutting down parts of the operations of the company" and "terminate all employees and end the relationship with . . . GoPlug's payroll provider" unless he and Mr. Christian made progress on an agreement to transfer of ownership of the company. Compl. ¶ 32. Mr. Christian told Mr. Betak not to "damage the company with layoffs." *Id*. In April 2023, Mr. Betak terminated all GoPlug employees. *Id.* Mr. Christian alleges that Mr. Betak's disruption of Mr. Christian's computer services concealed the shutdown of the company from him. *Id.* The IRS informed Mr. Christian of the shutdown in July 2023. *Id.*

     On March 26, 2024, Mr. Christian filed a complaint against Mr. Betak in this Court, alleging four causes of action: 1) violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(5)(A); 2) violation of the California Comprehensive Computer Data Access and Fraud Act (CDAFA), Cal. Penal Code § 502(c)(5); 3) breach of fiduciary duty; and 4) a claim for accounting. Compl. ¶¶ 48–71, 72–91, 92–109, 110–14. Plaintiff seeks declaratory and injunctive relief and damages. Prayer for Relief, Compl. at 31–32. Plaintiff's claims are based primarily on his allegations that Defendant unlawfully restricted his access to GoPlug's computer systems and accounts, failed to maintain the company's website and

3

1  unilaterally fired all GoPlug employees that fulfill orders.  *See, e.g.*, *id.* ¶¶ 12–14, 33, 36, 49, 52–
2  57, 100; *see* Ex. 3 to Compl., ECF No. 2 at 39.
3        On June 20, 2024, Defendant filed a motion to dismiss Plaintiff's complaint in its entirety.
4  Mot. at 2, ECF No. 26.  Plaintiff filed an opposition on July 3, 2024, and Defendant filed a reply
5  on July 10.  ECF Nos. 27, 28.

### III.  LEGAL STANDARD

      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim.  A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted).  Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief.  *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

      In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]"  *Iqbal*, 556 U.S. at 678.

      If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted).  A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to

4

1  cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . .,
2  [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th
3  Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   18 U.S.C. § 1030(a)(5)(A) Computer Fraud and Abuse Act ("CFAA") claims

To state a claim under Section 1030(a)(5)(A) of the federal Computer Fraud and Abuse Act (CFAA), 18. U.S.C. § 1030, a plaintiff must establish that a defendant "knowingly cause[d] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally cause[d] damage without authorization, to a protected computer[.]" 18 U.S.C. § 1030(a)(5)(A). 18 U.S.C. § 1030(g) allows "[a]ny person who suffers damage or loss" due to a violation of the CFAA to file a civil action where the offense caused "loss . . . during any 1-year period . . . aggregating at least $5,000 in value[.]" 18 U.S.C. §§ 1030(c)(4)(A)(i)(I), 1030(g). Damage includes "any impairment to the integrity or availability of data, a program, a system, or information[.]" 18 U.S.C. § 1030(e)(8). "Loss" is "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]" 18 U.S.C. § 1030(e)(11).

Defendant argues that Plaintiff's CFAA claim must be dismissed because GoPlug's computer systems were not damaged. Defendant contends Mr. Christian fails to allege damage under the CFAA because Mr. Christian does not allege damage to *GoPlug*'s computer systems, only to Mr. Christian's access to them. Mr. Betak asserts that "GoPlug, through its computer systems administrator [Mr. Betak], is alleged to remain in full control of its computer systems." Mot. at 9–10. But Mr. Christian alleges that he is an authorized user of GoPlug's computer systems and that Mr. Betak used his role as systems administrator to lock Mr. Christian – GoPlug's alleged President and 75% owner – out of the company entirely by disabling his access to dozens of online company accounts. Compl. ¶¶ 13, 53, 70 & Ex. 3 to Compl. Mr. Christian alleges Mr. Betak disrupted his computer services for nearly two years. Compl. ¶¶ 106, 111.

1       Because Mr. Christian has alleged an impairment to the availability of GoPlug's programs and

2       systems to him, Mr. Christian has alleged damage under the CFAA.

3              Defendant argues that Plaintiff's CFAA claim must be dismissed because Defendant had

4       authorization to control GoPlug's computer systems as its systems administrator.  Defendant relies

5       heavily on *Van Buren v. United States*, 593 U.S. 374, 387 (2021), for the proposition that no

6       CFAA claim may be brought against a person authorized to access a protected computer under the

7       Act.  But "[t]he phrase 'without authorization' modifies different actions in [different sections of

8       the CFAA]." *In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 451 (N.D. Cal.

9       2018), *on reconsideration in part*, 386 F. Supp. 3d 1155 (N.D. Cal. 2019).  The Supreme Court's

10      decision in *Van Buren* pertains to "the CFAA's 'exceeds authorized access' clause" of Section

11      1030(a)(2), which concerns *access* to a computer without authorization.  *Van Buren*, 593 U.S. at

12      379, 381.  Mr. Christian, in contrast, brings a claim under Subsection 1030(a)(5)(A), which

13      specifically concerns *damage* without authorization.  *See, e.g.*, *San Miguel v. HP Inc.*, 317 F.

14      Supp. 3d 1075, 1085-86 (N.D. Cal. 2018) (denying motion to dismiss § 1030(a)(5)(A) claim

15      where defendant allegedly transmitted firmware update that disabled printers and rendered third-

16      party ink cartridges unusable, even though plaintiff had authorized access to printers); *Margolis v.*

17      *Apple Inc.*, No. 23-cv-03882-PCP, 2024 WL 3755364, at *5 (N.D. Cal. Aug. 6, 2024) (finding

18      "plaintiffs' voluntary installation of [software that allegedly degraded the performance of

19      plaintiffs' devices] did not provide Apple with authorization to *damage* those devices" within the

20      meaning of § 1030(a)(5)(A)) (emphasis in original).  *See also United States v. Thomas*, 877 F.3d

21      591, 598 (5th Cir. 2017) ("Section 1030(a)(5)(A) prohibits intentionally damaging a computer

22      system when there was no permission to engage in that particular act of damage.").

23             Mr. Christian alleges that Mr. Betak knowingly disrupted Mr. Christian's access to his

24      GoPlug email address and to numerous other GoPlug computer services, impairing the availability

25      to Mr. Christian of GoPlug's computer programs and systems.  Compl. ¶¶ 12–13, 20 & Ex. 3; *see*

26      18 U.S.C. § 1030(e)(8).  *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 961 (N.D.

27      Cal. 2014) (finding plaintiff adequately alleged damage under the CFAA where plaintiff alleged

28      defendants maintained control of online accounts, prohibiting plaintiff from accessing data and

United States District Court
Northern District of California

communications stored within those accounts).  Although Mr. Christian alleges Mr. Betak had credentials as GoPlug's system administrator to control Mr. Christian's email account (*see* Compl. ¶¶ 8, 30, 49), Plaintiff does not allege Mr. Betak had authorization to disable entirely the email and other GoPlug accounts of the 75% owner of the company.  *See* Compl. ¶ 12 (alleging that "Mr. Betak misused his authority to disrupt" Mr. Christian's GoPlug email account).  Accordingly, Mr. Betak's authorization to control GoPlug's computer systems does not defeat Mr. Christian's CFAA claim.

Defendant contends Plaintiff's CFAA claim must be dismissed for lack of standing because the CFAA only includes a private right of action for the owners of a computer system, and the systems in question belong to GoPlug and not to Plaintiff.  Mot. at 13–14.  Defendant provides no authority for this assertion as to the CFAA.  18 U.S.C. § 1030(g) allows "[a]ny person who suffers" at least $5,000 of "damage or loss" over a one-year period due to a violation of the CFAA to file a civil action.  18 U.S.C. §§ 1030(c)(4)(A)(i)(I), 1030(g).  As discussed above, the Court finds Mr. Christian has alleged he suffered damage by being denied access to his GoPlug email and other GoPlug services for two years.  Mr. Christian likewise alleges loss of at least $5,000 pursuant to the CFAA.  Compl. ¶¶ 62–65, 69 (alleging efforts to attempt to restore computer services and costs incurred in doing so).  Plaintiff thus has standing to bring his CFAA claim against Defendant.

Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's claim under 18 U.S.C. § 1030(a)(5)(A) of the CFAA.

**B.     California Comprehensive Computer Data Access and Fraud Act ("CDAFA") Claim**

California Penal Code § 502(c)(5) makes it a crime for any person to "[k]nowingly and without permission disrupt[] or cause[] the disruption of computer services or den[y] or cause[] the denial of computer services to an authorized user of a computer, computer system, or computer network."  Cal. Penal Code § 502(c)(5).

Defendant asserts that Mr. Christian fails to state a claim under the CDAFA because Defendant was allegedly authorized to access GoPlug's computer systems.  Mot. at 15–17.  But the CDAFA "may properly be applied to an employee who uses his or her authorized access to a

7

1  computer system to disrupt or deny computer services to another lawful user." *People v. Childs*,
2  220 Cal. App. 4th 1079, 1104 (2013).  Although Mr. Betak maintains *Childs* is inapposite, he
3  provides no authority to support the notion that as computer systems administrator, Mr. Betak was
4  authorized to unilaterally hijack the company by locking out his sole alleged co-owner.  Plaintiff
5  alleges he was an authorized user of GoPlug services, and that Mr. Betak used his role as system
6  administrator to deny Mr. Christian access to dozens of computer services.  Compl. ¶¶ 6, 12, 30–
7  32, 36–37, 70, 73, 80.  The conduct Plaintiff alleges thus falls squarely within the ambit of
8  California Penal Code § 502.

9  Defendant further asserts that Plaintiff lacks standing to bring a claim under the CDAFA.
10  California Penal Code § 502(e)(1) provides "the owner or lessee of the computer, computer
11  system, computer network, computer program, or data who suffers damage or loss" under the
12  statute "may bring a civil action against the violator for compensatory damages and injunctive
13  relief or other equitable relief."  Cal. Penal Code § 502.  Defendant contends that GoPlug alone is
14  the owner of the computer systems at issue.  Plaintiff asserts he has standing to bring the claim
15  because Mr. Christian is a lessee of GoPlug's computer services.  Opp'n at 14.  Mr. Christian
16  alleges he is an authorized user of GoPlug computer services and that Mr. Betak disrupted his
17  GoPlug Gmail account, don@goplug.com.  Compl. ¶¶ 12, 80.  However, Mr. Christian does not
18  allege that he is the owner or lessee of his Gmail account or of any of the other computer services
19  Mr. Betak allegedly disrupted, nor does the complaint provide sufficient information to determine
20  that he was.  *Cf. West v. Ronquillo-Morgan*, 526 F. Supp. 3d 737, 746 (C.D. Cal. 2020) (finding
21  plaintiff need not additionally allege ownership of data where it was undisputed that data at issue
22  was obtained from plaintiff's computer).  Mr. Christian fails to offer any authority to indicate that
23  an authorized user of computer services is considered an owner or lessee under the CDAFA.
24  Plaintiff therefore does not adequately allege standing to bring a CDAFA claim.

25  Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's CDAFA
26  claim.  The Court grants Plaintiff leave to amend the CDAFA claim.

27  **C.  Breach of Fiduciary Duty**
28  Defendant argues that Plaintiff lacks standing to assert his cause of action for breach of

8

fiduciary duty because his claim is derivative, and because Plaintiff does not allege facts sufficient to allege a breach of fiduciary duty.

"Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interests. While technically not trustees, they stand in a fiduciary relation to the corporation and its stockholders." *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 345 (1966) (citations omitted). As an alleged director and officer of GoPlug, Mr. Betak owes a fiduciary duty to GoPlug and to Mr. Christian as a GoPlug shareholder.

The characterization of a claim as direct or derivative is governed by the law of the state of incorporation. *See Lapidus v. Hecht,* 232 F.3d 679, 682 (9th Cir. 2000). "[A] corporation which suffers damages through wrongdoing by its officers and directors must itself bring the action to recover the losses thereby occasioned, or if the corporation fails to bring the action, suit may be filed by a stockholder acting derivatively on behalf of the corporation." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 124 (1999) (citation and quotation marks omitted). "An individual [shareholder] may not maintain an action in his own right against the directors for destruction of or diminution in the value of the stock . . ." *Id*. (quotations omitted). *See also Schuster v. Gardner*, 127 Cal. App. 4th 305, 312 (2005) ("a shareholder *cannot* bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his or her stock (e.g., by reducing corporate assets and net worth)"). A "cause of action is individual, not derivative, only 'where it appears that the injury resulted from the violation of some special duty owed the stockholder by the wrongdoer and having its origin in circumstances independent of the plaintiff's status as a shareholder.'" *Nelson*, 72 Cal. App. 4th at 124 (quotations omitted).

As an alleged director and officer of GoPlug, Mr. Betak owes a fiduciary duty to GoPlug and to Mr. Christian as a GoPlug shareholder. Mr. Christian alleges that Mr. Betak breached his fiduciary duty in "separate and independent ways," including by disrupting Mr. Christian's GoPlug computer services, mishandling GoPlug's tax returns, firing all employees and shutting down GoPlug operations, failing to maintain the GoPlug website for online advertising and sales and to renew the web security certificate, failing to attend Board meetings, failing to provide Mr. Christian a copy of a source code GoPlug had paid for, and billing GoPlug for legal services

performed at Mr. Betak's direction after Mr. Christian had instructed the firm to stop all legal services. Compl. ¶¶ 95–101, 103-04, 106. Mr. Christian alleges that Mr. Betak's failure to maintain the website and renew the security certificate reduced GoPlug sales, which "affected Mr. Christian's 75% interest in GoPlug." Compl. ¶¶ 100–01, 102. He further alleges Mr. Betak's termination of GoPlug employees "devalued Mr. Christian's ownership interest in GoPlug." Compl. ¶ 98. Mr. Christian implies these actions were undertaken "to get Mr. Christian to accept [Mr. Betak's] extremely low buyout offer" and to "buy[] out Mr. Christian at a lowball price." Compl. ¶ 107.

Apart from the alleged disruption of his computer services, each of these acts pertains to Mr. Betak's alleged mismanagement of and damage to GoPlug. Thus, "any obligations so violated were duties owed directly and immediately to the corporation." *Nelson*, 72 Cal. App. 4th at 125. Mr. Christian's allegations that the alleged harms to the corporation devalued his personal interest do not give rise to an individual cause of action. *See, e.g.*, *Schuster*, 127 Cal. App. 4th at 312. Any claim for breach of fiduciary duty against Mr. Betak based on these actions would thus have to be brought derivatively on behalf of GoPlug. Here, Mr. Christian is the sole plaintiff in this action; he does not purport to bring this action as a shareholder acting derivatively on behalf of GoPlug. Accordingly, Mr. Christian cannot bring a claim against Mr. Betak for breach of fiduciary duty stemming from these alleged corporate injuries. *See Nelson*, 72 Cal. App. 4th at 125–26 (finding plaintiff failed to state direct action claim for breach of fiduciary duty based on allegedly "injurious decisions" including preventing plaintiff from hosting an infomercial without any legitimate business purpose; failing to use her best efforts to promote the product and sabotaging plaintiff's efforts to do so; having a romantic relationship with company attorney, and allowing that attorney to "inject himself" into corporation, resulting in loss of plaintiff's capital investment and potential earnings.).

Mr. Christian does allege individual injuries resulting from Mr. Betak's alleged disruption of his computer services. *See* Compl. ¶¶ 62–65. However, the complaint fails to establish that these injuries "resulted from the violation of some special duty owed the stockholder by the wrongdoer" or that Mr. Betak owed Mr. Christian any fiduciary duties beyond those owed by the

director of a corporation to shareholders. Finally, although Mr. Christian invokes partnership law as a basis for a reciprocal fiduciary duty between him and Mr. Betak, GoPlug is a California corporation, not a partnership. *See Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1156 (2005) (holding "[t]he rights and obligations of partnership cannot exist contemporaneously with the rights and obligations of shareholders in a corporation."). Mr. Christian thus fails to state a claim for breach of fiduciary duty based on Mr. Betak's disruption of Mr. Christian's GoPlug computer services.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's breach of fiduciary duty claim. The Court grants leave to amend the claim.

**D.     Claim for Accounting**

Defendant contends Mr. Christian does not have standing to bring his claim for accounting because his alleged injuries are merely incidental to purported injuries to GoPlug or to its stock as a whole. Mot. at 4, 12–15. Plaintiff does not address this argument in his opposition.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim for an accounting. The Court grants leave to amend the claim.

## V.     CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. The Court **GRANTS** leave to amend. If Plaintiff chooses to amend, his First Amended Complaint shall be filed no later than 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: December 20, 2024

THOMAS S. HIXSON
United States Magistrate Judge