UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. CHRISTIAN,<br><br>          Plaintiff,<br><br>    v.<br><br>GEORGE M. BETAK,<br><br>          Defendant. | Case No. 24-cv-01867-TSH<br><br>**ORDER GRANTING MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 33 |

## I.   INTRODUCTION

Pending before the Court is Defendant George M. Betak's Motion to Disqualify Attorney Robert Moll, who represents Plaintiff Donald J. Christian. ECF No. 33. Christian filed an Opposition (ECF No. 36)[1] and Betak filed a Reply (ECF No. 39). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 13, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[2]

## II.   BACKGROUND

This action concerns a dispute between two co-owners of GoPlug, a California corporation that designs, manufactures and sells electric vehicle chargers. First Am. Compl. ¶ 6, ECF No. 31. Christian and Betak co-founded GoPlug LLC in 2018 and subsequently converted to GoPlug, Inc.

---

[1] As part of his opposition, Christian appears to argue Betak's motion is procedurally improper because his counsel did not meet and confer with Christian's counsel in person or on the phone before filing the motion. *See* Opp'n at 5 ("This was Shah's third motion without a meet and confer" and "CAND Local Rule § 1-5(n) states meet and confer must be in person or on the phone rather than in emails"). But Local Rule § 1-5(n) merely provides the definition of the term "meet and confer" as used in the Local Rules. It is inapplicable here because there is no rule requiring that the parties meet and confer for purposes of this motion, which is governed by Local Rule 7.
[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 21.

in 2019. *Id.* ¶¶ 9. GoPlug retained the law firm Kaplan Breyer Schwarz, LLP (the "KBS Firm") to prosecute patents on its behalf. Betak Decl. ¶ 8, ECF No. 33-2.

In late 2021 Christian and Betak fell into disagreements regarding GoPlug business decisions. First Am. Compl. ¶ 11. Around the same time, the KBS firm began filing patent applications on behalf of GoPlug. On October 27, 2021, the KBS Firm filed a utility patent application. Lee Decl. ¶ 15 & Ex. 15, ECF No. 33-3. However, Moll subsequently took over prosecution of the design patent application. *See id.*, Exs. 16 (KBS Firm's Request for Withdrawal, stating "Client requested file be transferred to new counsel"); 17 (power of attorney signed by Christian authorizing Moll to prosecute the patent application on behalf of GoPlug); 18-19 (Patent Examiner-Initiated Interview Summaries reflecting telephonic interviews with Moll on May 22 and 31, 2023).

On December 29, 2021, the KBS Firm filed another design patent application on behalf of GoPlug. *Id.* ¶ 12 & Ex. 9. Moll subsequently took over prosecution of that application as well. *Id.* ¶ 13 & Exs. 10 (power of attorney executed by Christian authorizing Moll to prosecute the design patent application on behalf of GoPlug); 11 (notice from the USPTO stating it had accepted the power of attorney and would direct all further correspondence regarding the application to Moll); 12 (notice from the USPTO stating that the power of attorney GoPlug had granted the KBS Firm had been revoked).

In January 2022 Betak emailed Christian a letter of intent to purchase Christian's ownership in GoPlug. First Am. Compl. ¶ 11. Christian believed the offer was unacceptably low and proposed an independent valuation of the company, but Betak never replied. *Id.*

On January 16, 2022, Christian executed an engagement letter on behalf of GoPlug to retain Moll as counsel for GoPlug. Christian Decl. at 2 & Ex. B (1/16/2022 engagement letter), ECF No. 37. However, according to Christian, Betak opposed the U.S. design patent, so they agreed to terminate Moll's engagement with GoPlug. *Id.* at 2. According to Betak, Christian didn't inform him that he had retained Moll on behalf of GoPlug, and Betak first learned of Moll's representation on February 25, 2022, when Moll's wife sent Betak a request to DocuSign documents relating to a patent application Moll was prosecuting for GoPlug. Betak ¶ 10. On

2

1   January 20, 2022, Christian sign an engagement letter for Moll to represent him in his pursuit of

2   the design patent.  Christian Decl. at 2. & Ex. B (1/20/2022 engagement letter).

3          On or about April 1, 2022, Christian attempted to log on to his GoPlug Gmail account and

4   found it had been disabled by the Google Workspace administrator.  First Am. Compl. ¶ 12.  In

5   the days that followed, Christian discovered he had lost access to numerous other online accounts.

6   *Id.* ¶¶ 13, 53, 70 & Ex. C.  Christian alleges Betak is responsible, as he had volunteered to be the

7   computer system administrator, giving him control over all GoPlug computer services, including

8   Christian's email account and GoPlug's Google Workspace accounts.  *Id.* ¶¶ 8, 12.

9          On April 4, 2022, Moll filed another design patent application.  Lee Decl. ¶ 19.  The

10  application was missing certain required documents, including an Application Data Sheet

11  identifying the inventors, assignee, and applicant.  *Id.*, Ex. 20 (notice from the USPTA regarding

12  the missing documents).  On May 16 Moll filed a Corrected ADS Form identifying Christian and

13  Brent MacKenzie as the inventors and GoPlug as the assignee for the application.  *Id.*, Ex. 21

14  (Corrected ADS Form).  On May 30 Moll filed another Corrected ADS Form identifying GoPlug

15  as the applicant for the application.  *Id.*, Ex. 22 Corrected ADS Form).

16         On August 2, 2022, Christian executed a power of attorney authorizing Moll to prosecute

17  patents before the USPTO on behalf of GoPlug.  Betak Decl. ¶ 12; Lee Decl. ¶ 22 & Ex. 23.  Moll

18  filed this power of attorney and several others authorizing him to represent GoPlug with the

19  USPTO.  *See* Lee Decl. ¶¶ 13, 16, 22 & Exs. 10-12, 17, 23.  On August 3, 2022, Betak's attorney,

20  Joseph Trojan, contacted Moll regarding the patent applications and the dispute between Christian

21  and Betak regarding control of GoPlug.  Betak Decl. ¶ 16.  Moll indicated he represented Christian

22  individually with respect to the dispute between Christian and Betak.  *Id.*

23         On March 17, 2023, Christian, acting "per my authority as CEO of GoPlug inc." directed

24  the KBS Firm to withdraw from its ongoing representation of GoPlug and transfer its work to

25  Moll.  *See* Betak Decl. ¶¶ 17-20 & Exs. G-H.  Betak states this was done without his knowledge or

26  consent.  *Id.* ¶ 17.

27         On August 18, 2023, Moll filed another patent application identifying GoPlug as the

28  applicant.  Lee Decl. ¶ 8 & Ex. 6.  Moll continued prosecuting this application on behalf of

United States District Court
Northern District of California

GoPlug after March 26, 2024, when he filed the complaint in this action. *See id.*, Ex. 7 (7/27/24 Electronic Acknowledgment of Receipt confirming the receipt of filings by Moll for GoPlug).

Christian brought this case on March 26, 2024, and filed the operative First Amended Complaint on January 18, 2025, alleging four causes of action: (1) Computer Damage under 18 U.S.C. § 1030(a)(5)(A); (2) Computer Disruption under California Penal Code section 502(c)(5); (3) Breach Of Fiduciary Duty; and (4) Accounting. First Am. Compl. ¶¶ 48-142.

On July 19, 2024, Dhaivat Shah, counsel for Betak, sent Moll a letter requesting Moll's withdrawal from the case due to the alleged conflict of interest caused by his concurrent representation of GoPlug and Christian. Lee Decl. ¶ 2 & Ex. 1. In emails sent on July 21 and 22, 2024, Moll stated he "never represented GoPlug" in any matter and only represented Christian personally. *Id.* ¶¶ 3-4 & Exs. 2-3.

On January 21, 2025, Betak filed the present motion.

### III.    LEGAL STANDARD

"The right to disqualify counsel is a discretionary exercise of the trial court's inherent powers." *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003). Under Civil Local Rule 11–4(a)(1), all attorneys who practice in this Court must comply with the standards of professional conduct required of members of the State Bar of California. This Court, therefore, applies state law in determining matters of disqualification. *See In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

A trial court's authority to disqualify an attorney derives from the power inherent in every court "[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145 (1999) (quoting Cal. Code Civ. Proc. § 128(a)(5)). "Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." *Id.* (citation omitted). "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar. The important right to counsel of one's choice must yield to ethical considerations that affect the

1   fundamental principles of our judicial process." *Id.* (citations omitted).

2         The party seeking disqualification bears the burden of establishing the existence of a
3   disqualifying conflict by a preponderance of the evidence. *H.F. Ahmanson & Co. v. Salomon*
4   *Bros., Inc.*, 229 Cal. App. 3d 1445, 1452 (1991). "Because of [the] potential for abuse,
5   disqualification motions should be subjected to 'particularly strict judicial scrutiny.'" *Optyl*
6   *Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985)
7   (quoting *Rice v. Baron*, 456 F. Supp. 1361, 1370 (S.D.N.Y. 1978)); *SpeeDee Oil Change Sys.*, 20
8   Cal. 4th at 1144 ("A motion to disqualify a party's counsel may implicate several important
9   interests. Consequently, judges must examine these motions carefully to ensure that literalism
10  does not deny the parties substantial justice.").

## IV.   DISCUSSION

12        Betak argues the Court must disqualify Moll from representing Christian because Moll has
13  an unwaived conflict of interest in that he has represented GoPlug in patent matters and is now
14  representing one of the two co-owners of GoPlug, Christian against Betak, in a dispute over
15  control of the company. Christian contends Moll always represented him and never GoPlug.

16        An attorney's duty of loyalty is implicated when he simultaneously represents potentially
17  conflicting interests even when the representations have nothing in common and there is no risk
18  that confidences may be disclosed. *See Flatt v. Superior Ct.*, 9 Cal. 4th 275, 284 (1994). The
19  California Supreme Court has found that "in all but a few instances, the rule of disqualification in
20  simultaneous representation cases is a per se or 'automatic' one." *Id.* (collecting cases). Even if
21  counsel for a closely held corporation treats the interests of the majority shareholders and
22  corporation interchangeably, the attorney-client relationship with the corporation is paramount.
23  *See Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.*, 36 Cal. App. 4th 1832, 1842 (1995). The
24  attorney's first duty is to the corporation, and the attorney may not "tak[e] part in any
25  controversies or factional differences among shareholders as to control of the corporation." *Id.*
26  The attorney owes an undivided duty of loyalty to the corporation and cannot represent one owner
27  against the other. *See Woods v. Superior Ct.*, 149 Cal. App. 3d 931, 937 (1983).

28        Turning to the evidence Betak submits in support of his motion, the Court first considers

the January 16, 2022 engagement letter, which Christian executed on behalf of GoPlug to retain Moll. Betak Decl., Ex. C. According to Christian, Betak opposed the U.S. design patent, so they agreed to terminate this engagement and, four days later, Christian signed a replacement letter to engage Moll to represent him rather than GoPlug. Christian Decl. at 2 & Ex. B. Christian states he "never offered nor engaged Robert Moll to represent GoPlug." *Id.* at 2. Moll agrees with Christian's account, stating that after Christian informed him that Betak opposed the pursuit of the patent, they agreed to terminate his engagement with GoPlug and that he would only represent Christian. Moll Decl. at 2, ECF No. 38. Moll states he "never worked, invoiced, or received payment from GoPlug on any legal matter." *Id.* However, Betak disputes this, noting that Christian has not produced a letter terminating Moll's representation of GoPlug. Mot. at 9 (citing Betak Decl. ¶ 7). As such, the Court finds the January 16 and 20 letters, on their own, do not establish that Moll performed no work for GoPlug.

Turning to the other evidence submitted by Betak, the Court finds it shows Moll has and appears to still be representing GoPlug. Christian presents signed powers of attorney that authorized Moll to prosecute patents on behalf of GoPlug, which Moll submitted to the USPTO. Lee Decl., Exs. 10, 17. In email communications with Betak, Christian referred to Moll's work as "GoPlug's patent efforts." Betak Decl. ¶ 22 & Ex. I. Christian also directed GoPlug's law firms to transfer their files and work to Moll. *Id.* ¶¶ 13-15, 17-18 & Exs. D-H. Moll subsequently filed a power of attorney and took over prosecution of any pending patent application on behalf of GoPlug. Betak Decl. ¶ 21 & Ex. H; Lee Decl. ¶¶ 16-18 & Exs. 17-19. After Moll filed the complaint in this action on behalf of Christian, he continued to prosecute patents on behalf of GoPlug. *See, e.g.*, Lee Decl. ¶¶ 9-11, 14 & Exs. 7-8, 13-14. While the opposition and supporting declarations offer contradictory accounts, claiming Moll only represented Christian individually, they fail to fully address this documentary evidence demonstrating Moll's representation of GoPlug.

Christian argues Moll could not represent GoPlug because "[t]o represent GoPlug would require Christian and Betak to agree according to GoPlug's corporate counsel," but "Betak did not agree on Moll's patent work. Betak opposed Moll's patent work or had no input. Thus, the facts

6

contradict" the conclusion that Moll represents GoPlug. Opp'n at 9. However, the documentary evidence listed above shows otherwise. Christian also argues Moll could not have represented GoPlug because he paid Moll's legal bills. Christian Decl. at 2 ("I never received an invoice from Moll for any GoPlug legal matter."); Moll Decl. at 2 ("I never worked, invoiced, or received payment from GoPlug on any legal matter."). But paying legal bills does not make someone the client. Indeed, the California Rules of Professional Conduct address the receipt of compensation from someone other than the client because of the legal and ethical issues that arise when a third party pays another's legal bills. *See* Cal. R. Prof. Conduct 1.8.6 ("A lawyer shall not enter into an agreement for, charge, or accept compensation for representing a client from one other than the client[.]"). Those problems are evident here, where Moll claims his "first duty of loyalty is only to Christian," Opp'n at 10, while at the same time claiming that "[g]iven the value of intellectual property and [that] Christian paid for all it, . . . Moll's [p]atent [w]ork [b]enefits GoPlug," *id*. at 11. Moll appears to both disavow any duty of loyalty to GoPlug in favor of the person who paid the legal bills while also claiming he did legal work that benefits GoPlug. The record shows that Moll began serving as GoPlug's attorney as early as January 2022, continued serving as GoPlug's attorney after filing this action, and initiated an interview with the USPTO relating to one of the patent applications as the attorney for applicant GoPlug as recently as October 3, 2024. *See* Lee Decl. ¶¶ 8-22 & Exs. 6-23. The evidence is clear that Moll was and appears to still be GoPlug's attorney and thus owes his first duty of loyalty to GoPlug. *See In re Valinoti*, 2002 WL 31907316, at *53-54 (Cal. State Bar Ct. Dec. 31, 2002) (disciplining attorney who permitted third party who paid the attorney's clients' legal bills to interfere with the attorney's judgment to the detriment of the actual clients).

In sum, the Court finds Betak has established the existence of a disqualifying conflict by a preponderance of the evidence. The complaint Moll filed on behalf of Christian is a dispute over control of GoPlug. *See, e.g., First Am. Compl.* ¶¶ 12-25, 32, 39-47, 52-57, 125-133, 139-140 (alleging disputes regarding control and management of GoPlug). Because Moll has served as counsel for GoPlug, he cannot now represent one co-owner against another in a dispute over control of the company. *See M'Guinness v. Johnson*, 243 Cal. App. 4th 602, 627 (2015) ("The

7

1  undisputed evidence established that the Law Firm continued to represent TLC in 2013 when it
2  undertook to represent Johnson in this litigation.  The Firm therefore had an unwaived concurrent
3  representation conflict of interest that compelled its disqualification."); *Capra v. Capra*, 58 Cal.
4  App. 5th 1072, 1096 (2020) ("Corporate counsel should of course, refrain from taking part in any
5  controversies or factional differences among shareholders as to control of the corporation, so that
6  he or she can advise the corporation without bias or prejudice."); *Unified Sewerage Agency of*
7  *Wash. Cty., Or. v. Jelco Inc.*, 646 F.2d 1339, 1345 (9th Cir. 1981) ("[R]epresentation adverse to a
8  present client must be measured not so much against the similarities in litigation, as against the
9  duty of undivided loyalty which an attorney owes to each of his clients").  As an attorney for
10  GoPlug, Moll's "first duty is to the corporation.  Corporate counsel should of course, refrain from
11  taking part in any controversies or factional differences among shareholders as to control of the
12  corporation, so that he or she can advise the corporation without bias or prejudice."  *Capra*, 58
13  Cal. App. 5th at 1095 (cleaned up).

14  Moll's breach of his duty of loyalty to GoPlug also cannot be cured by withdrawing from
15  his representation of GoPlug in favor of Christian.  *See Flatt*, 9 Cal. 4th at 284 ("So inviolate is the
16  duty of loyalty to an existing client that not even by withdrawing from the relationship can an
17  attorney evade it").  "When the duty of loyalty applies, courts have found the conflict to require
18  'per se, or automatic disqualification, in all but a few instances.'"  *Gong v. RFG Oil, Inc.*, 166 Cal.
19  App. 4th 209, 214 (2008) (quoting *Metro–Goldwyn–Mayer*, 36 Cal. App. 4th at 1840).  Moll must
20  be disqualified because he is concurrently representing Christian and GoPlug, or at least was at the
21  time he filed this lawsuit, and because Christian's and GoPlug's interests are adverse to each other
22  in this lawsuit.  Betak has stated that his anticipated defenses to this action include his belief that
23  he needed to take actions to protect GoPlug from misconduct by Christian, who Betak believed
24  was harming the company with his actions.  *See* Mot. at 10.  In his opposition, Christian argues
25  such anticipated defenses are irrelevant to the present motion.  *See* Opp'n at 12 ("Defendant's
26  motion to disqualify included off topic arguments relating to corporate governance (e.g., officer
27  appointments), GoPlug ownership and Betak's future defenses.  To save the court's time, Plaintiff
28  [sic] opposition addresses only what is relevant to Defendant's motion to disqualify.  Plaintiff will

8

address the Defendant's irrelevant arguments if and when they are properly raised in the future."). But Betak's anticipated defenses and potential counterclaims are relevant because they reveal that GoPlug's and Christian's interests are directly adverse to each other. As an attorney for the company, Moll cannot represent one co-owner when the other co-owner accuses him of harming the company. *See Gong*, 166 Cal. App. 4th at 215; *M'Guinness*, 243 Cal. App. 4th at 623. Moll must therefore be disqualified. *See Flatt*, 9 Cal. 4th at 284; *Metro-Goldwyn-Mayer*, 36 Cal. App. 4th at 1842.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Betak's motion. Robert Moll is ordered to withdraw from representing Christian in this action. Christian is ordered to obtain successor counsel who is to file a notice of appearance within 30 days of this order or, in the alternative, Christian is ordered to file a notice that he intends to prosecute this matter pro se. Absent a written appearance by successor counsel or Christian within the time specified, an order to show cause why this action should not be dismissed will issue.

**IT IS SO ORDERED.**

Dated: March 11, 2025

THOMAS S. HIXSON
United States Magistrate Judge