UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. CHRISTIAN, | Case No. 24-cv-01867-TSH |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| GEORGE M. BETAK, | Re: Dkt. No. 34, 35 |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant George M. Betak's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 34. Plaintiff Donald J. Christian filed an Opposition (ECF No. 40) and Defendant filed a Reply (ECF No. 44). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 13, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II. BACKGROUND

This action concerns a dispute between two co-owners of GoPlug Inc., a California corporation that designs, manufactures and sells electric vehicle chargers. First Am. Compl. ("FAC") ¶ 6, ECF No. 31. Christian is the alleged president of GoPlug, while Betak is its alleged chief financial officer and secretary. *Id.* ¶¶ 6, 9. Christian and Betak co-founded GoPlug LLC in 2018 and subsequently converted the company to a corporation in 2019. *Id.* ¶¶ 8–9. Christian alleges that he is head of engineering and manufacturing, while Betak serves as the GoPlug computer system administrator. *Id.* ¶ 6. Christian alleges that Betak volunteered to be the

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 21.

computer system administrator in 2018, which gave Betak control over all GoPlug computer services, including exclusive control over Christian's GoPlug email account. *Id.* ¶ 8.

In March 2020, Christian and Betak elected themselves the directors of GoPlug and appointed Christian as president of the company and Betak as Chief Financial Officer ("CFO") and Secretary of the company. *Id.* ¶ 9. Betak was also the Google Workspace administrator. *Id.* ¶¶ 12, 13. Christian alleges that at on the date of incorporation, Christian owned 75% and Betak owned the other 25% of GoPlug. *Id.* ¶ 10.

In late 2021, Christian and Betak fell into disagreements regarding GoPlug business decisions. *Id.* ¶ 11. In January 2022, Betak emailed Christian a letter of intent to purchase Christian's ownership in GoPlug. *Id.* Christian believed Betak's offer was unacceptably low and proposed an independent valuation of the company. *Id.* Betak never replied to Christian. *Id.*

On or about April 1, 2022, Christian attempted to log on to his GoPlug Gmail account and found that it had been disabled by the Google Workspace administrator. *Id.* ¶ 12. In the days that followed, Christian discovered that he had lost access to numerous other online accounts. *Id.* ¶¶ 13, 53, 70 & Ex. 3.

In March 2023, Betak informed Christian that he would "start shutting down parts of the operations of the company" and "terminate all employees and end the relationship with . . . GoPlug's payroll provider" unless he and Christian made progress on an agreement to transfer of ownership of the company. *Id.* ¶ 32. Christian told Betak not to "damage the company with layoffs." *Id.* In April 2023, Betak terminated all GoPlug employees. *Id.* Christian alleges that Betak's disruption of Christian's computer services concealed the shutdown of the company from him. *Id.* The IRS informed Christian of the shutdown in July 2023. *Id.*

On March 26, 2024, Christian filed a complaint against Betak in this Court, alleging four causes of action: 1) violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(5)(A); 2) violation of the California Comprehensive Computer Data Access and Fraud Act (CDAFA), Cal. Penal Code § 502(c)(5); 3) breach of fiduciary duty; and 4) a claim for accounting. Compl. ¶¶ 48–71, 72–91, 92–109, 110–14, ECF No. 2. Plaintiff's claims were based primarily on his allegations that Defendant unlawfully restricted his access to GoPlug's computer

systems and accounts, failed to maintain the company's website and unilaterally fired all GoPlug employees that fulfill orders. *See, e.g., id.* ¶¶ 12–14, 33, 36, 49, 52–57, 100; *see* Ex. 3 to Compl., ECF No. 2 at 39. On June 20, 2024, Defendant filed a motion to dismiss Plaintiff's complaint in its entirety. Mot. at 2, ECF No. 26. On December 20, 2024, the Court granted Defendant's motion to dismiss Plaintiff's CDAFA, breach of fiduciary duty and accounting claims with leave to amend. ECF No. 30 at 8, 11, 12. The Court denied Defendant's motion as to Plaintiff's claim under 18 U.S.C. § 1030(a)(5)(A) of the CFAA. *Id.* at 7.

On January 18, 2025, Plaintiff filed his First Amended Complaint ("FAC"), again alleging violation of the CFAA, 18 U.S.C. § 1030(a)(5)(A); violation of the CDAFA, Cal. Penal Code § 502(c)(5); breach of fiduciary duty; and a claim for accounting. FAC ¶¶ 48–71, 72–113, 114–37, 138–42. Plaintiff again seeks declaratory and injunctive relief and damages. FAC Prayer for Relief, FAC at 37–38.

On February 3, 2025, Defendant filed a motion to dismiss Counts Two (Plaintiff's CDAFA claim), Three (breach of fiduciary duty) and Four (accounting) of the FAC. Mot. at 2, ECF No. 34. Plaintiff filed an opposition on February 17, and Defendant filed a reply on February 24. ECF Nos. 40, 44.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

3

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   Request for Judicial Notice of March 31, 2022 Google Workspace Invoice

In general, the Court may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion, except for documents incorporated into the complaint by reference and any relevant matters subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Federal Rule of Evidence 201 allows the Court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Defendant asks the Court to take judicial notice of an invoice dated March 31, 2022 for a subscription to "G Suite Business" showing a Google Workspace subscription billed to "GoPlug Inc" ("Invoice"). Ex. A to Request for Judicial Notice, ECF No. 35 at 5–6. Defendant argues that the Invoice is properly subject to judicial notice because its contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]" Request for

4

Jud. Notice at 2, quoting Fed. R. Evid. 201(b).  Defendant further asserts that the invoice is incorporated by reference in Plaintiff's FAC because Plaintiff alleges that Christian, and not GoPlug, is the "lessee" of GoPlug's computer systems because Christian and Betak agreed to "pay the rent" for GoPlug's Google Workspace.  Am. Compl. ¶¶ 91, 92.

The Court finds the Invoice is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Plaintiff disputes the authenticity of the Invoice "because the taxpayer ID on the invoice doesn't match GoPlug's taxpayer ID" and because Defendant redacted the billing ID in the copy of the invoice Defendant proffers.  Opp'n at 10.  However, the Court finds Plaintiff's dispute of its authenticity is not reasonable.  First, Defendant only redacted part of the billing ID.  *See* Invoice at 1.  Plaintiff does not dispute that the last four digits of the billing ID, which remain visible in the as-filed Invoice, match GoPlug's billing ID for its Google Workspace subscription.  *See generally* Opp'n.  Christian's dispute regarding the taxpayer ID is similarly inapposite.  As Defendant points out in his reply, the Invoice is on Google LLC letterhead.  The "Federal Tax ID" provided on the Invoice appears below Google's company address, in the last line of the Google address block on the letterhead.  A search of public filings indicates that the Federal Tax ID listed on the Invoice was, at one point, the Internal Revenue Service Employer Identification Number for Google.  *See* Sec. and Exch. Commission, Form 8-K.  (Oct. 2, 2015), https://www.sec.gov/Archives/edgar/data/1288776/000119312515336550/d56649d8k.htm, (last visited March 8, 2025).  Further, the declaration Christian offers in support of his opposition to Plaintiff's motion and request for judicial notice makes no mention of his dispute regarding the taxpayer ID.  *See* Christian Decl., ECF No. 41.

Accordingly, the Court **GRANTS** Defendant's request for judicial notice of the March 31, 2022 Invoice.

**B.     California Comprehensive Computer Data Access and Fraud Act ("CDAFA") Claim**

Christian's sole claim under the California Comprehensive Computer Data Access and Fraud Act ("CDAFA") is for violation of California Penal Code § 502(c)(5).  FAC ¶¶ 26, 79; *id.* at 1, 20; FAC Prayer for Relief, ¶ F (seeking "judicial determination that Mr. Betak violated" Section

United States District Court
Northern District of California

502(c)(5)). Section 502(c)(5) makes it a crime for any person to "[k]nowingly and without permission disrupt[] or cause[] the disruption of computer services or den[y] or cause[] the denial of computer services to an authorized user of a computer, computer system, or computer network." Cal. Penal Code § 502(c)(5). California Penal Code § 502(e)(1) provides "the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss" under the statute "may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief." Defendant asserts that Plaintiff lacks standing to bring a claim under the CDAFA because he does not satisfy the requirements of Section 502(e)(1).

### 1. Article III Standing

Plaintiff asserts he has standing to bring claims under the CDAFA because he satisfies the requirements of Article III standing. In support of this argument, Plaintiff cites case law from federal courts considering whether various plaintiffs who asserted claims under Section 502 of the California Penal Code had Article III standing. Opp'n at 12. However, Plaintiff ignores that Article III standing is a distinct requirement that a plaintiff must satisfy to bring any claim in federal court. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("Though lack of *statutory* standing requires dismissal for failure to state a claim, lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).") (emphases in original). Article III does not, as Plaintiff contends, "provide[] a separate, independent basis" to assert statutory claims in the absence of statutory standing. *See* Opp'n at 12; *see Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004) (noting that in the absence of statutory standing, a plaintiff who has "suffered sufficient injury to satisfy the jurisdictional requirement of Article III . . . cannot state a claim upon which relief can be granted."); *In re Capacitors Antitrust Litig.*, 154 F. Supp. 3d 918, 925 (N.D. Cal. 2015) (noting "Article III standing is separate from, and not to be measured by, statutory standing.").

Plaintiff's demonstration of Article III standing is thus a threshold requirement for Plaintiff to bring his claims in federal, rather than state, court. It does not give Plaintiff standing to bring claims under the CDAFA.

**2.      Statutory Standing**

Defendant asserts that Plaintiff lacks standing to bring a claim under the CDAFA. California Penal Code § 502(e)(1) allows "the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss" to bring a civil claim "for compensatory damages and injunctive relief or other equitable relief."

The Court previously found that although Plaintiff adequately alleged that he was an authorized user of GoPlug computer services, he failed to allege he was "the owner or lessee" of the services Defendant had allegedly disrupted. ECF No. 30 at 8. Accordingly, the Court found Plaintiff had not adequately alleged standing to bring a CDAFA claim. *Id.*

### a.      Standing as a "Lessee" of Google Workspace

Christian asserts he has standing to bring claims under the CDAFA as the "lessee" of the computer system at issue. Christian alleges he is a "lessee" of the Google Workspace to which Defendant allegedly disrupted access, and that GoPlug is not a lessee, because Christian and Betak agreed to "pay the rent" for GoPlug's Google Workspace. FAC ¶¶ 86, 91, 92. The Court finds these allegations do not plausibly allege that Christian has standing as a lessee of the computer system.

As discussed above, the Court takes judicial notice of the March 31, 2022 Invoice for a subscription to "G Suite Business." The Invoice shows that the Google Workspace subscription was billed to "GoPlug Inc" and not to Christian and Betak as individuals. Ex. A to Request for Judicial Notice. Plaintiff responds that he is a lessee because he signed the G-Suite updated terms of service and paid for the Google Workspace, and because Google's Terms of Service granted Christian the right to exclude others by setting up a username and password.

The Court finds Plaintiff's conclusory assertion that he paid for the Google Workspace in an individual capacity does not make Christian the lessee of GoPlug's Google Workspace. Plaintiff also does not offer any authority to support his assertion that his signing of the G-Suite terms of service or setting a username and password for GoPlug's Google Workspace makes him, and not GoPlug, a lessee of Google services.

In support of his argument that he has standing as a lessee of GoPlug's Google Workspace,

1  Christian submits a declaration averring that he and Betak opened a joint account in 2019 and
2  made payments from that joint account "for G-Suite, Google Workspace, Gmail, and to Google
3  Domains." Christian Decl. at 2:4–6, ECF No. 41. Christian offers what he describes as "[m]y
4  graph" of payments made from the account, a list of "representative payments" made from the
5  account, and a document Plaintiff describes as "Christian and Betak's signature card for the joint
6  account." *Id.* at 2:6–14 and Exs. A, B, C to Christian Decl. Plaintiff has not asked the Court to
7  take judicial notice of these documents, nor does he contend that they are incorporated by
8  reference in his complaint. The Court therefore does not consider these documents in deciding
9  Defendant's motion. *See Swartz*, 476 F.3d at 763 ("In ruling on a 12(b)(6) motion, a court may
10 generally consider only allegations contained in the pleadings, exhibits attached to the complaint,
11 and matters properly subject to judicial notice[,]" as well as writings incorporated by reference in a
12 complaint whose authenticity is unquestioned.).

13 Even if the Court were to consider the documents Christian offers, they do not support his
14 argument. The document Christian describes as a "signature card for the joint account" is a
15 business depository certificate for "GoPlug LLC," designating GoPlug as the "Depositor" and
16 Christian and Betak as persons "authorized to transact business" on behalf of GoPlug. Ex. C to
17 Christian Decl., ECF No. 40-3. Payments Christian personally made from the GoPlug joint
18 account would therefore reflect the actions of GoPlug as a legal entity, rather than Christian as an
19 individual.

20 Plaintiff therefore does not plausibly allege that he was a lessee of the computer networks
21 or services at issue. Accordingly, Plaintiff does not adequately allege standing to bring a CDAFA
22 claim under a theory that he is a lessee of GoPlug computer services.

23 **b.  Standing as a "Lessee" of GoPlug Computer Services**

24 Plaintiff asserts that he is the lessee of numerous disrupted GoPlug computer services
25 beyond the Google Workspace. Opp'n at 10. Plaintiff provides no support for his conclusion that
26 he is the lessee of those services. Accordingly, Plaintiff does not adequately allege standing to
27 bring a CDAFA claim under a theory that is a lessee of any of those services.
28

           **c.**      **Standing Based on Damage to Computer**

Plaintiff argues that he has standing to bring his CDAFA claim as the owner of a disrupted computer. Plaintiff alleges that he purchased a computer in May 2019 and that Defendant "disrupted the computer from accessing" the allegedly disrupted GoPlug computer services. FAC ¶ 102. Defendant argues that Plaintiff's CDAFA claim does not allege disruption to Plaintiff's personal computer, but rather to Plaintiff's GoPlug email account and to his access to GoPlug files on GoPlug computer systems. Plaintiff's only argument in his opposition is a conclusory statement that "an owner of a disrupted computer has a claim for disruption without alleging it a virus, etc." Opp'n at 11. However, Plaintiff provides no authority to support the notion that his inability to access GoPlug computer services remotely from a personal computer constitutes disruption to that computer. As such, the Court finds Plaintiff fails to plausibly allege a claim for computer disruption. Accordingly, Plaintiff's allegation of ownership of an allegedly disrupted computer does not confer standing to bring any under the CDAFA.

           **d.**      **Standing Based on Ownership of Data**

Plaintiff alleges he has a private right of action under the CDAFA as an "owner" of technical files that Defendant has disrupted by taking away his access to the GoPlug Google Workspace. FAC ¶¶ 82, 83. Plaintiff alleges that he prepared files for an electric vehicle charging system proposal to the Bay Area Air Quality Management District in 2015, which were stored on the GoPlug Google Workspace. *Id.* ¶ 83. Plaintiff alleges he owns these files, which were created before the formation of GoPlug in 2018, and that he never assigned the files to GoPlug or sought reimbursement for the files from GoPlug. *Id.*

Defendant argues that Plaintiff's personal files are irrelevant to whether he has standing to allege a violation of the CDAFA because the FAC alleges a violation based on disruption to GoPlug's computer systems and not to Christian's data. Plaintiff responds that Defendant "states Christian only 'purportedly' or 'supposedly' uploaded" his files to the Google Workspace and argues that this factual dispute should not be resolved on a motion to dismiss. Opp'n at 8. Plaintiff's FAC includes allegations that Defendant violated the CDAFA by disrupting Plaintiff's data. *See* FAC ¶¶ 82, 83 (alleging disruption of "access to [Christian's] technical files stored on

1   Google Workspace"); Cal. Penal Code § 502(b)(8) ("'Data' "means a representation of

2   information, knowledge, facts, concepts, computer software, or computer programs or

3   instructions. Data may be in any form, in storage media, or as stored in the memory of the

4   computer or in transit or presented on a display device.").

5         Several sections of the CDAFA pertain to damage to or misuse of data.  *See* Cal. Penal

6   Code §§ 502(c)(1), (c)(2), (c)(4), (c)(9), (c)(11).  However, Christian's sole CDAFA claim is for

7   violation of California Penal Code § 502(c)(5), concerning disruption or denial of "computer

8   services" "to an authorized user of a computer, computer system, or computer network."  Cal.

9   Penal Code § 502(c)(5).  "Computer services" include "storage functions," but do not include the

10  stored files themselves.  *Id.* § 502(b)(4) ("'Computer services' includes, but is not limited to,

11  computer time, data processing, or storage functions, internet services, electronic mail services,

12  electronic message services, or other uses of a computer, computer system, or computer

13  network.").  As Plaintiff's CDAFA claim concerns disruption or denial of computer services,

14  rather than data, his alleged ownership of files stored on the GoPlug Google Workspace does not

15  give him standing to bring that claim.  Plaintiff's allegations that he owned technical files stored

16  on the GoPlug Workspace and that those files were damaged by way of Defendant's conduct do

17  not give Plaintiff standing to bring a claim under a section of the CDAFA that does not concern

18  damage to data.  *Oracle USA, Inc. v. Rimini Street, Inc.*, which Plaintiff cites in support of his

19  argument that ownership of technical files confers standing for his CDAFA claim, is inapposite.

20  191 F. Supp. 3d 1134, 1142 (D. Nev. 2016), *aff'd in part, rev'd in part on other grounds*, 879 F.3d

21  948 (9th Cir. 2018), *rev'd in part*, 586 U.S. 334 (2019).  The Court in *Oracle* held that the plaintiff

22  had standing as the owner of technical files to bring a claim under the CDAFA for the

23  unauthorized downloading of its files by defendants.  *Id.* at 1142-43.  Plaintiff offers no other

24  authority to support this standing argument.   Accordingly, Plaintiff does not adequately allege

25  standing to bring his CDAFA claim based on his alleged ownership of disrupted technical files

26  stored on the GoPlug Google Workspace.

27        **3.**    **Conclusion – CDAFA Claim**

28        For the reasons stated above, Plaintiff does not adequately allege standing to bring a claim

1 under Section 502(c)(5) of the CDAFA.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's CDAFA claim.  The Court grants leave to amend the claim.

### C. Breach of Fiduciary Duty

Defendant argues that Plaintiff lacks standing to assert his cause of action for breach of fiduciary duty because his claim is derivative, and because Plaintiff does not allege facts sufficient to allege a breach of fiduciary duty.

"Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interests.  While technically not trustees, they stand in a fiduciary relation to the corporation and its stockholders." *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 345 (1966) (citations omitted).  The characterization of a claim as direct or derivative is governed by the law of the state of incorporation.  *See Lapidus v. Hecht,* 232 F.3d 679, 682 (9th Cir. 2000).  "[A] corporation which suffers damages through wrongdoing by its officers and directors must itself bring the action to recover the losses thereby occasioned, or if the corporation fails to bring the action, suit may be filed by a stockholder acting derivatively on behalf of the corporation." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 124 (1999) (citation and quotation marks omitted).  "An individual [shareholder] may not maintain an action in his own right against the directors for destruction of or diminution in the value of the stock . . ." *Id*. (quotations omitted). *See also Schuster v. Gardner*, 127 Cal. App. 4th 305, 312 (2005) ("a shareholder *cannot* bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his or her stock (e.g., by reducing corporate assets and net worth)").  A "cause of action is individual, not derivative, only 'where it appears that the injury resulted from the violation of some special duty owed the stockholder by the wrongdoer and having its origin in circumstances independent of the plaintiff's status as a shareholder.'" *Nelson*, 72 Cal. App. 4th at 124 (quotations omitted).

In its order granting Defendant's motion to dismiss Plaintiff's original breach of fiduciary duty claim, the Court found:

> Apart from the alleged disruption of his computer services, each of [the acts making up Plaintiff's breach of fiduciary duty claim] pertains to Mr. Betak's alleged mismanagement of and damage to GoPlug.

11

> Thus, "any obligations so violated were duties owed directly and immediately to the corporation." . . . Mr. Christian's allegations that the alleged harms to the corporation devalued his personal interest do not give rise to an individual cause of action. . . . Any claim for breach of fiduciary duty against Mr. Betak based on these actions would thus have to be brought derivatively on behalf of GoPlug. Here, Mr. Christian is the sole plaintiff in this action; he does not purport to bring this action as a shareholder acting derivatively on behalf of GoPlug. Accordingly, Mr. Christian cannot bring a claim against Mr. Betak for breach of fiduciary duty stemming from these alleged corporate injuries.

ECF No. 30 at 10 (citations omitted).

Plaintiff's FAC adds six paragraphs to his third cause of action, for breach of fiduciary duty. FAC ¶¶ 117 – 22; ECF No. 32 ¶¶ 117–22 (Redline of FAC). However, these additions to Plaintiff's breach of fiduciary duty claim do not consist of new factual allegations, but rather of legal argument explaining Plaintiff's reasoning for bringing corporate claims as an individual plaintiff.

Plaintiff implies in his opposition that he should be able to bring direct claims because Betak foreclosed the possibility of a derivative action by "refus[ing] to sign corporate papers for GoPlug's issuance of shares." Opp'n at 16. *See also* FAC ¶¶ 118, 119 (legal argument contending that because GoPlug never issued shares, Christian cannot bring a derivative action on behalf of GoPlug). This argument is unavailing. Assuming for the sake of argument that a derivative action is unavailable, that does not turn derivative claims for breach of fiduciary duty into viable direct claims.

Plaintiff argues that Defendant's alleged disruption of his computer services "hindered Christian's participation in GoPlug for nearly three years[,]" resulting in "direct harm" to Plaintiff separate from any reduction in value to GoPlug. Opp'n at 13. However, as the Court found in dismissing Plaintiff's original breach of fiduciary duty claim, the FAC fails to establish that Defendant's disruption of Plaintiff's computer services "resulted from the violation of some special duty" Defendant owed to Christian. *See* ECF No. 30 at 10–11.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's breach of fiduciary duty claim. The Court grants leave to amend the claim.

#### D. Claim for Accounting

Defendant contends Plaintiff fails to state a claim for an accounting because the FAC does not plausibly allege that a balance is due to Christian. Plaintiff alleges that Defendant has disrupted his access to GoPlug financial records and tax returns, rendering Plaintiff "unable to ascertain his interest in" GoPlug's assets absent an accounting. FAC ¶¶ 139, 140. Defendant argues that Plaintiff has no right to GoPlug's assets by virtue of his part ownership of the company and that the determination of the value of GoPlug's assets and losses belongs to GoPlug alone.

Plaintiff does not address Defendant's arguments and instead simply restates his allegation that "because Betak is in possession of GoPlug financial information and has unlawfully disrupted Christian's access to it, Christian is presently unable to ascertain his interest in or the use, allocation, or distribution of assets without an accounting. Christian is therefore entitled to an accounting." Opp'n at 16; *see* FAC ¶ 140. As discussed above, the Court finds Plaintiff fails to state a claim for breach of fiduciary duty or violation of the CDAFA. Plaintiff does not allege or argue that his remaining claim for violation of the federal Computer Fraud and Abuse Act, gives rise to a claim for an accounting.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim for an accounting. The Court grants leave to amend the claim.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims for violation of CDAFA, breach of fiduciary duty and for an accounting. If Plaintiff decides to file a second amended complaint, it is due 60 days after the date of this order.

**IT IS SO ORDERED.**

Dated: March 11, 2025

THOMAS S. HIXSON
United States Magistrate Judge