UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. CHRISTIAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEORGE M. BETAK,<br><br>　　　　Defendant. | Case No. 24-cv-01867-TSH<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 50 |

## I.    INTRODUCTION

On May 13, 2025, Plaintiff Donald J. Christian voluntarily dismissed his claims in this case. Defendant George M. Betak's now moves for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) and California Penal Code section 502(e)(2). ECF No. 50. Christian filed an Opposition (ECF No. 51) and Betak filed a Reply (ECF No. 52). The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 3, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** the motion.[1]

## II.    BACKGROUND

This action concerned a dispute between two co-owners of GoPlug Inc., a California corporation that designs, manufactures and sells electric vehicle chargers. First Am. Compl. ¶ 6, ECF No. 31. According to his allegations, Christian is the President of GoPlug, while Betak is its Chief Financial Officer and Secretary. *Id.* ¶¶ 6, 9. Christian and Betak co-founded GoPlug LLC in 2018 and subsequently converted the company to a corporation in 2019. *Id.* ¶¶ 8–9. Christian alleges he is head of engineering and manufacturing, while Betak serves as the GoPlug computer

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 21.

1     system administrator. *Id.* ¶ 6. Christian alleges that Betak volunteered to be the computer system
2     administrator in 2018, which gave Betak control over all GoPlug computer services, including
3     exclusive control over Christian's GoPlug email account. *Id.* ¶ 8. Betak was also the Google
4     Workspace administrator. *Id.* ¶¶ 12, 13.

5           In late 2021 Christian and Betak fell into disagreements regarding GoPlug business
6     decisions. *Id.* ¶ 11. On or about April 1, 2022, Christian attempted to log on to his GoPlug Gmail
7     account and found that it had been disabled by the Google Workspace administrator. *Id.* ¶ 12. In
8     the days that followed, Christian discovered that he had lost access to numerous other online
9     accounts. *Id.* ¶¶ 13, 53, 70 & Ex. 3. In March 2023 Betak informed Christian that he would "start
10    shutting down parts of the operations of the company" and "terminate all employees and end the
11    relationship with . . . GoPlug's payroll provider" unless he and Christian made progress on an
12    agreement to transfer of ownership of the company. *Id.* ¶ 32. Betak terminated all GoPlug
13    employees in April 2023. *Id.* Christian alleges Betak's disruption of his computer services
14    concealed the shutdown of the company from him. *Id.*

15          On March 26, 2024, Christian filed his initial complaint, alleging four causes of action
16    against Betak: 1) violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §
17    1030(a)(5)(A); 2) violation of the California Comprehensive Computer Data Access and Fraud
18    Act (CDAFA), Cal. Penal Code § 502(c)(5); 3) breach of fiduciary duty; and 4) a claim for
19    accounting. Compl. ¶¶ 48–71–14, ECF No. 2. Christian's claims were based primarily on his
20    allegations that Betak unlawfully restricted his access to GoPlug's computer systems and
21    accounts, failed to maintain the company's website and unilaterally fired all GoPlug employees
22    that fulfill orders.

23          After Betak moved to dismiss Christian's complaint in its entirety, ECF No. 26, on
24    December 20, 2024, the Court denied Betak's motion as to Christian's claim under the CFAA but
25    granted his motion as to Christian's CDAFA, breach of fiduciary duty and accounting claims with
26    leave to amend. ECF No. 30; *Christian v. Betak*, 2024 WL 5191973 (N.D. Cal. Dec. 20, 2024).
27    Relevant here, as to Christian's CDAFA claim, the Court found he could potentially state a claim
28    because he alleged Betak used his role as system administrator to deny access to computer

1  services, and the CDAFA "'may properly be applied to an employee who uses his or her
2  authorized access to a computer system to disrupt or deny computer services to another lawful
3  user.'"  ECF No. 30 at 7-8 (quoting *People v. Childs*, 220 Cal. App. 4th 1079, 1104 (2013)).
4  However, the Court found Christian had not adequately alleged such a claim because the CDAFA
5  allows "the owner or lessee of the computer, computer system, computer network, computer
6  program, or data who suffers damage or loss" to bring a claim, but Christian had not alleged he is
7  the owner or lessee of any of the other computer services Betak allegedly disrupted.  *Id.* at 8
8  (quoting Cal. Penal Code § 502).

9        On January 18, 2025, Christian filed a First Amended Complaint, again alleging violation
10 of the CFAA, CDAFA, breach of fiduciary duty, and a claim for accounting.  First Am. Compl ¶¶
11 48–142.  As to his CAFA claim, Christian alleged he is a "lessee" of the Google Workspace to
12 which Betak allegedly disrupted access, and that GoPlug is not a lessee, because Christian and
13 Betak agreed to "pay the rent" for GoPlug's Google Workspace.  *Id.* ¶¶ 86, 91, 92.  After Betak
14 moved for dismissal of the CDAFA, breach of fiduciary duty, and accounting claims, ECF No. 34,
15 the Court again granted dismissal with leave to amend.  ECF No. 46; *Christian v. Betak*, 2025 WL
16 786056 (N.D. Cal. Mar. 11, 2025).  As to Christian's CDAFA claim, the Court found he failed to
17 plausibly allege he was a lessee of the computer networks or services at issue, and that neither his
18 ownership of an allegedly disrupted computer nor his alleged ownership of disrupted technical
19 files stored on the GoPlug Google Workspace conferred standing to bring a claim under the
20 CDAFA.  ECF No. 46 at 7-10.  The Court granted Christian leave to amend his claims.  *Id.* at 13.
21       On April 29, 2025, Christian filed a Notice of Voluntary Dismissal as to his claims in their
22 entirety pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  ECF No. 49.

### III.  DISCUSSION

**A.  Jurisdiction**

25       As a preliminary matter, Christian argues Betak's motion is procedurally barred under
26 Federal Rule of Civil Procedure 41, because he cannot recover attorney's fees after a Rule 41(a)(1)
27 dismissal.  Opp'n at 10-11.  In support of this argument, Christian cites *Commercial Space*
28 *Management Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999), in which the Ninth Circuit

United States District Court
Northern District of California

held that a Rule 41(a)(1) dismissal "automatically terminates the action, and thus federal jurisdiction, without judicial involvement." However, while a voluntary dismissal terminates the Court's jurisdiction over the dismissed claims and precludes it from addressing the merits, the Court retains jurisdiction over collateral matters. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 96 (1990) (explaining that "the imposition of costs, attorney's fees, and contempt sanctions . . . [are] not a judgment on the merits of an action" and that the court may make determinations on collateral issues relating to such motions after the principal suit has been terminated); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."). Accordingly, the Court has jurisdiction to consider Christian's motion for fees.

**B.     Judgment**

Next, the Court considers whether Christian may seek fees under Federal Rule of Civil Procedure 54, which provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion . . . no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(A)-(B)(i). The motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award; state the amount sought or provide a fair estimate of it; and disclose, if the court so orders, the terms of any agreement about fees or services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(ii)-(iv). Rule 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. AT & T Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." *Id.* at 1281 (quoting *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995)). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such an award." *MRO Commc'ns., Inc.*, 197 F.3d at 1281.

Here, Christian voluntarily dismissed his claims under Rule 41(a)(1)(A), which provides that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the

4

notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). As Christian's dismissal does not state whether it is with or without prejudice, the dismissal was without prejudice.

To prevail as the result of a Rule 41 dismissal, the dismissal must have "sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.'" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)); *see also Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076–77 (7th Cir. 1987) ("Because the . . . dismissal is without prejudice . . . it is not the practical equivalent of a victory for defendant on the merits."); *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ("[A] voluntary dismissal without prejudice is ordinarily not a final judgment from which the plaintiff may appeal."). Thus, "[b]ecause there is no document labeled 'judgment' in this case and no decree entered by the court and because a voluntary dismissal without prejudice is ordinarily not an appealable order, there is no judgment in this case for purposes of Rule 54." *Physician's Surrogacy, Inc. v. German*, 311 F. Supp. 3d 1190, 1194 (S.D. Cal. 2018) (where defendants moved for attorney's fees pursuant to California Penal Code section 502(e)(2), court found there was no judgment for purposes of Rule 54(d) because plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)). As such, a prerequisite for an award of attorneys' fees under Rule 54 is missing. Nevertheless, the Court will evaluate Betak's argument that he is entitled to attorney's fees under section 502(e)(2).

**C.     Cal. Penal Code § 502(e)(2)**

Betak contends he is entitled to attorney's fees under California Penal Code section 502(e)(2), which states that "[i]n any action brought pursuant to this subdivision the court may award reasonable attorney's fees." In "action[s] involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282. California law provides for the recovery of attorney's fees when authorized by contract or statute. Cal. Civ. Proc. Code § 1033.5(a)(10).

Originally, section 502(e)(2) read: "In any action brought pursuant to this subdivision the

1 court may award reasonable attorney's fees to a prevailing party." *See* 1987 Cal. Legis. Serv. Ch.
2 1499 (S.B. 255). In 2000 this section was amended to delete the words "to a prevailing party."
3 2000 Cal. Legis. Servs. Ch. 635 (A.B. 2727). Since that time, "district courts have concluded that
4 deletion of the words 'to a prevailing party' indicates that the California Legislature intended that
5 attorney's fees no longer be available to all prevailing parties, but intended to limit attorney's fee
6 awards to prevailing plaintiffs." *Physician's Surrogacy, Inc.*, 311 F. Supp. 3d at 1195 (collecting
7 cases and citing California Bill Analysis, A.B. 2727 Sen., 08/08/2000 ("[E]xisting law allows the
8 award of attorney's fees to prevailing parties. In response to concerns that this language might
9 chill desired civil enforcement under the proposed new civil cause of action, this provision is
10 proposed for repeal.")).

11 However, an unpublished California Court of Appeal decision found that the plain text of
12 the statute indicates that "any party is eligible for fees under section 502." *U.S. Source LLC v.*
13 *Chelliah*, 2014 WL 6977597, at *4 (Cal. Ct. App. Dec. 10, 2014). There, the California Court of
14 Appeal concluded that "[t]he [California] Legislature might not have wanted to chill reasonable
15 section 502 claims, but it wasn't willing to insulate frivolous or abusive section 502 claims either,"
16 and the decision to award fees therefore remains within the discretion of the trial court. *Id.* at *2,
17 7. Whether the Court should give that unpublished opinion any weight is an open question. *See*
18 Cal. R. Ct. 8.1115(a) ("[A]n opinion of a California Court of Appeal . . . that is not certified for
19 publication or ordered published must not be cited or relied on by a court or a party in any other
20 action."); *but see United States v. Williams*, 979 F. Supp. 2d 1099, 1103 n.2 (D. Haw. 2013)
21 ("Despite California Rule of Court 8.1115, . . . the Ninth Circuit has on several occasions relied
22 upon unpublished California state opinions.").

23 If recovery of attorney's fees is limited to prevailing plaintiffs under California Penal Code
24 section 502(e), Betak is not permitted to recover his attorney's fees. See *Physician's Surrogacy,*
25 *Inc.*, 311 F. Supp. 3d at 1195; *Swearingen v. HAAS Automation, Inc.*, 2010 WL 1495204, at *2
26 (S.D. Cal. Apr. 14, 2010) ("[A]n examination of the history of § 502 reveals that it was the
27 intention of the California legislature to allow only prevailing plaintiffs to recover attorney's
28 fees."); *Facebook, Inc. v. Power Ventures, Inc.*, 2017 WL 3394754, at *6 (N.D. Cal. Aug. 8,

1  2017); *OptiStreams, Inc. v. Gahan*, 2006 WL 829113, at *10 (E.D. Cal. Mar. 27, 2006).

2  If the decision to award fees remains within the trial court's discretion, the Court finds it
3  would be unreasonable to award fees because it did not determine Christian's section 502 claim
4  was either frivolous or abusive. Christian's sole claim under the CDAFA was for violation of
5  California Penal Code section 502(c)(5). First Am. Compl. ¶¶ 26, 79 & Prayer for Relief ¶ F.
6  Section 502(c)(5) makes it a crime for any person to "[k]nowingly and without permission
7  disrupt[] or cause[] the disruption of computer services or den[y] or cause[] the denial of computer
8  services to an authorized user of a computer, computer system, or computer network." Cal. Penal
9  Code § 502(c)(5). Betak argues he is entitled to recover attorney's fees as "Christian's CDAFA
10  claim was objectively without foundation from the start because the computer systems belong to
11  GoPlug, not Christian individually, and no facts ever existed that would support an individual
12  claim by Christian." Mot. at 3. However, the Court dismissed Christian's claim for violation of
13  section 502 *with leave to amend* because he did not plead that he was the owner or lessee of the
14  computer systems; it did not find he could not do so. Further, after the Court granted Christian
15  leave to amend a second time, Christian voluntarily dismissed his CDAFA claim. In these
16  circumstances, the Court cannot find that Christian's section 502(c)(5) claim was objectively
17  without foundation when brought, or that Christian continued to litigate it after it clearly became
18  so. To the contrary, the Court granted Christian leave to amend twice, and rather than amend a
19  second time he dismissed the claim. Accordingly, Betak's motion must be denied. *See*
20  *Physician's Surrogacy, Inc.*, 311 F. Supp. 3d at 1195 (declining to award attorney's fees under
21  section 502(e), finding "it would be unreasonable to award fees because the Court did not
22  determine that Plaintiff's section 502 claim was either frivolous or abusive"); *Mfg. Automation &*
23  *Software Sys., Inc. v. Hughes*, 2019 WL 2396308, at *4 (C.D. Cal. June 3, 2019), *aff'd*, 833 F.
24  App'x 147 (9th Cir. 2021) ("Although it is unclear if attorneys' fees may be awarded to a
25  prevailing defendant under [section 502(e)(2)], . . . the Court nonetheless finds that plaintiff's
26  section 502 claim was neither frivolous nor unreasonable and declines to award attorneys' fees to
27  defendants under section 502(e).") (citing *Physician's Surrogacy, Inc.*, 311 F. Supp. 3d at 1195).
28  Accordingly, the Court declines to award Betak attorney's fees under section 502.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Betak's motion for attorney's fees.

**IT IS SO ORDERED.**

Dated: June 20, 2025

THOMAS S. HIXSON
United States Magistrate Judge

8